## THE STATE v. KIRKPATRICK.

1. **Parent and Child:** CUSTODY OF INFANT. Under the statutes of this state the father has no right to the custody of a minor child paramount to that of the mother, the controlling consideration in determining to whom the custody shall be awarded, where a controversy arises, being the welfare of the child. A child fifteen months of age, and unweaned, was held to have been properly awarded to the custody of the mother, she not being shown to be an improper person to have its custody.

2. **Habeas Corpus:** PRACTICE: SUPERSEDEAS. In a habeas corpus proceeding, an order of discharge made by the court cannot be superseded pending an appeal.

*Appeal from Judge of Lee Circuit Court.*

### FRIDAY, SEPTEMBER 24.

THIS is a proceeding of *habeas corpus* to determine the rightful custody and control of Lena L. Kirkpatrick, an infant. The proceeding was instituted before the Hon. JOHN B. DRAYER, judge of the Lee Circuit Court, who ordered that the custody of the child be given to the petitioner, Christina H. Kirkpatrick. From this order the defendant appeals. Upon request of the defendant the court fixed the amount of the supersedeas bond at $1,300. Thereupon the relator filed a motion asking that the child be given to her in accordance with the order made in the case, and be not remanded to the custody of the defendant, upon the ground that a supersedeas is not allowed in cases of *habeas corpus*, to stay the order of discharge. The court overruled the motion and held that the bond operated to supersede the order, and left the infant in the possession of the defendant. From this ruling the relator appeals. The facts are stated in the opinion.

*Craig & Collier*, for the relator.

*Gillmore & Anderson*, for the defendant.

DAY, J.—I.   The relator and the defendant were married on the 12th day of February, 1878.   This child, Lena L. Kirkpatrick, was born December 12th, 1878, and was, at the time of the institution of this proceeding, fifteen months old and unweaned.   The parties resided in Hancock county, Illinois.   When they had lived together about a year, the relator became dissatisfied with the defendant on account of an alleged deception as to his financial condition.   The defendant, noticing the despondency of his wife, told her if she was not happy with him, and would be happier away from him, he would leave; that her happiness was his greatest desire.   She made no reply.   About two weeks thereafter she told the defendant she thought the best thing they could do was to separate; that he was deeply in debt, and she did not feel like working to help pay off debts contracted before their marriage.

The result was that they separated on the 27th day of April, 1879, although the defendant was willing to remain with his wife and provide for her.   Since then the defendant has tried to induce his wife to live with him, but she has refused.   At the time of their separation, the infant, Lena L., was three and one-half months old.

After their separation, the defendant, through an attorney, made arrangements for seeing the child at the house of this relator's brother, James Dicker, having given positive assurances that he would not take the child away.   Under this arrangement the defendant saw the child at Dicker's four times.

On the 27th of February, being left alone with the child, he carried it away to Keokuk, where he now lives with this mother and sister.   On the 16th day of March, this proceeding was instituted.   The relator is able to provide for the infant, and she is not shown to be an improper person to have its custody.   Under the circumstances, the judge did not err in awarding the custody of the child to her mother.   The defendant obtained possession of the child stealthily, and in

<span>1. PARENT and child : custody of infant.</span>

violation of his promise and agreement. He ought not to be allowed to base any legal right upon a fraudulent and illegal act. Aside from this, the child is of such tender years as to need a mother's constant watchfulness and care. It would, indeed, be a reproach upon our law if it would sanction the taking of an unweaned infant from its mother simply for the purpose of placing it in the custody of its father. Under our statute the right of the father to the care and custody of a minor child is not paramount to that of the mother. " The parents are the natural guardians of their minor children, and are equally entitled to the care and custody of them." Code, § 2241. In controversies respecting the custody of a minor child, the controlling consideration is the best interest of the child. *Ex rel. Shaw v. Nachtwey*, 43 Iowa, 653.

It needs no argument to show that the best interests of an unweaned infant, fifteen months old, ordinarily require that it shall remain in the custody of its mother.

II. The court allowed the filing of a supersedeas bond to suspend his order, and allowed the child, pending the appeal, to remain in the custody of the defendant. From this action the relator appeals. In this ruling we think the court erred. The purpose of the writ

2. HABEAS corpus: practice: supersedeas.

of *habeas corpus* is to provide a summary and speedy mode of inquiring into the legality of imprisonment or restraint. The writ would be shorn of its advantages if an order for discharge can be superseded and a party can be compelled to undergo the delay necessarily attendant upon an appeal to the Supreme Court.

Suppose an order for discharge made within six months of the term of court to which the appeal should go, the defendant would not be obliged to appeal that term, so that almost a year might elapse before the submission of the case in the Supreme Court.

Section 3186 of the Code provides for the filing of a bond to stay proceedings upon a judgment or order. When an order for discharge is made under a writ of *habeas corpus*,

no further proceedings are to be had; hence, there is nothing to be stayed, to which the section can apply, unless it be a judgment for costs. This section provides that no appeal or stay shall vacate or affect the judgment appealed from, yet the court held that the order that the relator was entitled to the custody of her infant child was superseded by the filing of the bond in question.

In *Thompson v. Oglesby*, 42 Iowa, 598, a supersedeas was filed, but its effect was not determined. The judgment upon plaintiff's appeal is

REVERSED.

Upon the defendant's appeal it is

AFFIRMED.