FRANK E. LEWIS, Appellee, v. ELVA A. LEWIS, Appellant.

**Divorce:** NON-RESIDENT DEFENDANT: SERVICE BY PUBLICATION. The
1   statute authorizing service of notice on a non-resident by publication, as applicable to actions for divorce, relates to conditions as to residence existing at the time service is sought to be made; and where the defendant is actually living in another State, service by publication cannot be defeated by the mere statement of an intention to return to a residence in this State at some indefinite time.

**Same:** DEFAULT: VACATION: ALLOWANCE OF EXPENSE MONEY. Where
2   no appeal had been taken from the ruling refusing to set aside a decree of divorce and application for suit money, the expense of an appeal from the ruling should be denied by the trial court, as there was no certainty that an appeal would be taken; and if taken the application should be addressed to the appellate court.

*Appeal from Polk District Court.*— HON. W. H. McHENRY, Judge.

MONDAY, JUNE 8, 1908.

PROCEEDINGS to vacate and set aside a decree of divorce. The application was denied, and defendant appeals.— *Affirmed.*

*J. E. Mershon,* for appellant.

*Mackenzie & Franklin* and *E. D. Perry,* for appellee.

BISHOP, J.— In January, 1907, plaintiff filed in the court below his petition for a divorce from defendant. With the petition there was filed an affidavit for publication of notice, following which notice was published in manner and form as required by law. On March 7, 1907, defendant was adjudged to be in default, and on hearing had a decree of divorce was entered. At the same term of court the defendant appeared by attorney, and filed a motion to set aside the default entered against her and to vacate the decree, on the sole ground that, being a resident of the State, service of notice by publication was unauthorized as against her. Attached to the motion are the affidavits of defendant and two other persons, to the effect that while she (defendant) is at present and has been for some considerable time employed in the city of Minneapolis, State of Minnesota, still her absence from the State of Iowa is temporary only, and that she claims the city of Des Moines as her home and place of residence. On the hearing of the motion plaintiff introduced a letter of date January 31, 1907, written to him by defendant from Minneapolis, in which letter this, among other things, is said: " I cannot sign the paper you wish me to. If you insist on having a divorce, I can get one here the next term of court that convenes, as one year's desertion is sufficient ground in this State. . . . I do not mean to stand in your way if it must come. I will go ahead, at the same time deal honestly with all concerned. . . . You may write directly to Mr. Green in regard to this matter." Plaintiff also introduced a letter received by him from J. H. Green, an attorney at Minneapolis, which reads as follows: " Your letter to Elva A. Lewis has been given me to answer. In reply will say that Mrs. Lewis does

1. DIVORCE: non-resident defendant: service by publication.

not care to have a record made against her, as you outline in your proceedings for divorce. . . . She does not object to your getting a divorce, providing you can get it in a decent sort of a way. If you cannot do this, provide her with the means, and she will get it on the ground of desertion." Plaintiff also made it appear that since the divorce he has remarried. In this situation the matter was submitted to the court, and the motion of defendant was overruled.

The ruling was without error. There is not presented here the case of a husband taking advantage of the temporary absence of his wife from the State to secure a divorce. Fraud is not charged. Quite to the contrary, defendant was advised that proceedings had been or were about to be instituted, and we infer from the letter written by her that she was asked to accept service, and that she declined to do so. She was in fact residing in the State of Minnesota, and hence beyond the reach of a personal service. The statute which authorizes constructive service by publication of notice has regard only to what are the conditions as to residence in fact existing at the time service is sought to be made. And, it being conceded that the defendant is at the time actually living in another State, service by publication cannot be defeated by a mere assertion on the part of such defendant that within her intention she held a plan to return to a residence in this State at some time in the future. Moreover, it is clear that in this case defendant regarded herself as a resident of the State of Minnesota. It appears from her letter that she had consulted an attorney, and was considering the commencement of a suit in that State to secure a decree of divorce in her favor. Such could have been done only on the theory that she was a good-faith resident of the State. And the force of her letter is not destroyed by her subsequent affidavit to the effect that at some time in the future she expected to again take up her residence in Iowa.

Subsequent to the ruling on the motion to set aside the decree defendant filed in the case an application "for suit money and expense allowance." Therein she asked, among **2. SAME: default: vacation: allowance of expense money.** other things, that plaintiff be required to pay a sum sufficient to enable her to prosecute an appeal from the ruling on the motion to vacate. The application was denied, and of this complaint is made. The application was properly refused. At the time the same was made, as shown by the record, no appeal had been taken, and it could not have been known with certainty that one would be perfected. If appeal had been taken, the application should have been addressed to this court, and not to the court below. *Shors v. Shors,* 133 Iowa, 22.

Finding no error, the several orders are *affirmed.*