LEWIS T. HADDICK, Plaintiff, v. THE DISTRICT COURT OF POLK
    COUNTY, IOWA, and HON. W. H. MCHENRY, one of the
    Judges thereof, Defendant.

**Appeal:** SUPERSEDEAS BOND: WHEN JUDGMENT MAY BE STAYED. The
1  right of appeal ordinarily carries with it the statutory right of
   staying enforcement of the judgment appealed from by the filing
   of a supersedeas bond, the office of which is to preserve the status
   quo of the parties; but in case the judgment or order has been
   previously executed, or is self-executing, there is nothing upon
   which the supersedeas bond can operate, and the filing of the same
   in such cases would be inoperative.

**Same:** CONTEMPT. An order requiring an administrator to turn over
2  certain funds in his hands to another is not a self-executing order,
   but is an order requiring the administrator to perform an affirma-
   tive act, and upon appeal he would be entitled to have enforcement
   of the order stayed by a supersedeas bond; and he would not be
   guilty of contempt for failing to perform the order pending the
   appeal.

**Same.** An order directing a substituted administrator to set aside a
3  certain sum for the protection of plaintiff, pending his appeal from
   another order directing him to turn over certain funds in his hands
   to the substituted administrator, will not justify a judgment for
   contempt against plaintiff, because of his failure to perform the
   latter order while his appeal therefrom was pending, and after the
   giving of a supersedeas bond.

*Certiorari to Polk District Court.*

SATURDAY, MARCH 14, 1914.

THIS is an original certiorari proceeding in this court,
wherein a writ has issued to the district court directing it
to certify up its record in a certain contempt proceeding
against the plaintiff herein, wherein the plaintiff was adjudged
guilty. The proceeding here is in the nature of an appeal

from the order complained of, and casts upon us the duty
to review such order and the proceedings leading up thereto.
—*Annulled* and *Reversed*.

*B. J. Cavanagh, Parker, Parrish & Miller,* and *Jacob
Sachs,* for plaintiff.

*George Wambach, R. O. Brennan,* and *H. W. Byers,* for
defendants.

EVANS, J.—The proceedings in contempt against the plain-
tiff were had December 17 and 18, 1913. The preceding
history, upon which the contempt proceeding rested, was as
follows: Haddick was administrator of the Hans Bohstedt
estate pending in Polk county. He became involved in more
or less controversy with alleged foreign heirs. His due
administration of his office as administrator was also hampered
by the fact that his father was a claimant against the estate,
and that himself and wife were also claimants against the
same. He was at one time peremptorily removed from office
by one of the judges of the district court. That order was
subsequently annulled by this court as having been made in
excess of power, and in disregard of the statute. *Haddick v.
District Court,* 160 Iowa, 487. In August, 1913, the plaintiff
presented to the court his resignation, and filed therewith his
final report. His report was approved in all respects except
as to certain specific items of expense incurred by him in the
prosecution of the case above cited, and amounting to a total
of $393. These items of expense were not allowed by the
district court, and the amount thereof was charged against
him. The sum total in his hands, concerning which there was
no dispute, amounted to over $9,000. A new administrator
was appointed, and Haddick was ordered to turn over to such
person the full amount in his hands, including the disputed
items. Thereupon Haddick appealed to this court from the
order of the district court refusing the allowance of the dis-

puted items, and filed a supersedeas bond in compliance with the statute, and this was duly approved. He also tendered to the administrator the full amount in his hands, except the amount involved in his appeal, namely, $393. Thereupon contempt proceedings were instituted against him. He was charged therein with a refusal to comply with the order of the court. He was thereupon cited to appear and show cause why he should not be punished for contempt. He appeared and showed cause as above indicated, namely: That he had appealed to the Supreme Court from the order of disallowance, and that he had duly filed a supersedeas bond, and that the order of the district court was thereby suspended so far as its enforcement was concerned, and that the district court was without power to enforce such order until after disposition of the appeal in the Supreme Court. Upon hearing had, the district court entered an order adjudging the plaintiff guilty of contempt, and ordering that he be imprisoned in the county jail until full compliance was made with the previous order of the court.

I. The defendant concedes that the order of disallowance of the expense items was an appealable order. The appeal, therefore, had the effect to confer upon this court jurisdiction of the subject-matter. It is ordinarily true that, if a party has the right to appeal in any case, he has the statutory right to file a supersedeas bond, and thereby to stay all proceedings, under the order or judgment appealed from, looking to its enforcement. This general rule is not disputed by counsel for defendants.

1. APPEAL: supersedeas bond: when judgment may be stayed.

It is urged, however, that the rule was not applicable to the case under consideration, because the order appealed from was a self-executing order, and could not therefore be affected by a supersedeas bond. It may be conceded that, if the order was self-executing, a supersedeas bond availed nothing. The function of a supersedeas bond is to maintain the status quo, and to supersede enforcement proceedings under the judgment or order. If

2. SAME: contempt.

the order had been previously executed, there was nothing to supersede. But we do not think counsel's contention can be sustained. A self-executing order has been defined by this court as one which requires "no act of a ministerial or other officer to put it into effect." *Allen v. Church,* 101 Iowa, 116. Generally speaking, a self-executing order presupposes that no act of the defeated party is required in order to render its fruits available to the successful party. A self-executing order is ordinarily one which is injunctional and prohibitive, or one which fixes the status of a party, as in an action of divorce, or in an action to test the right to office, or one which adjudicates the title to property, and especially where a title is quieted in a party in possession. An order which in its nature and its terms is mandatory upon the defeated party, requiring him to perform an affirmative act, is not a self-executing order, for the simple reason that it is not executed at all while the defeated party refuses to perform. In such a case compulsory process is available to enforce performance. That is just what the contempt proceeding was. If the order had been self-executing, there would have been no need of compulsory process.

As to what is and what is not a self-executing order, see the following authorities: *Jayne v. Drorbaugh,* 63 Iowa, 711; *Lindsay v. Clay District Court,* 75 Iowa, 509; *Foster v. Superior Court,* 115 Cal. 282 (47 Pac. 58); *Ex parte Queirolo,* 119 Cal. 635 (51 Pac. 956); *Dulin v. Pacific Co.,* 98 Cal. 304 (33 Pac. 123); *Randles v. Randles,* 67 Ind. 434; *Walls v. Palmer,* 64 Ind. 496.

The conclusion is unavoidable that the plaintiff herein was within his statutory rights in appealing from the order complained of, and in superseding the enforcement thereof by proper bond. If so, he could not be deemed guilty of contempt for failure to perform the order appealed from pending the appeal.

II. It is due to the trial judge to say that before adjudging the plaintiff herein guilty of contempt he first entered

an order that payment of the disputed amount by the plain-
tiff herein, in obedience to the previous order
**3. SAME.**
of the court, should not be deemed to preju-
dice his appeal to the Supreme Court, or to waive any right
which might be found in his favor on appeal.   He also entered
an order directing the new administrator to set apart $600
of the moneys of the estate, and to hold the same for the
protection of this plaintiff in case he should prevail in his
appeal.   This order is pressed upon our attention by de-
fendants' counsel at the present time.   If the good faith
of the trial judge were challenged, or were in issue, this order
would doubtless be a complete answer to any such challenge.
But the order is in no sense effective in justification of the
judgment of contempt.   The order itself was without statu-
tory authority.   It only improvised another method of pro-
tecting this plaintiff in his right of appeal, and tendered it
to him in exchange for the statutory method which he had
already followed.   It follows that the judgment finding the
plaintiff guilty of contempt must be annulled, and it is so
ordered.—*Annulled* and *Reversed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concur.