Charles A. Scott, Plaintiff, v. O. D. Wheeler, Judge, Defendant.

**DIVORCE:** Custody of Children—Suspending Order Pending Appeal.
1 An order in divorce proceedings as to the custody of children may, on the same day when made, be suspended, pending an appeal from such order. The counter rule in habeas corpus proceedings has no application in divorce proceedings.

*Certiorari from Pottawattamie District Court.*—Hon. O. D. Wheeler, Judge.

Friday, April 9, 1915.

This is a certiorari proceeding brought to test the legality of an order of the court of Pottawattamie County in a cer-

tain divorce proceeding pending in such court and is in the nature of an appeal from such order.—*Affirmed*.

*Tinley, Mitchell & Pryor*, for plaintiff.

*Kimball & Peterson*, for defendants.

EVANS, J.—On September 30, 1913, a decree of divorce was entered in favor of the plaintiff in the case of Maggie Scott v. Charles A. Scott. The decree awarded the plaintiff

1. DIVORCE:. custody of children: suspending order pending appeal.

the custody of the minor child, Melvin. On October 22nd following, the defendant filed a motion to modify the decree by striking therefrom the provision as to the custody of the child. Notice of this application was served on plaintiff's attorneys. On November 29th, the plaintiff's attorneys consented that the provision might be eliminated. On February 5, 1914, the plaintiff, Maggie L. Scott, filed her motion in said case, asking that she be awarded the care and custody of the child. Resistance was filed by the defendant, Charles A. Scott. On this motion and resistance, a hearing was had on June 25th, resulting in an order awarding the custody to the defendant, Charles A. Scott. On the same day, application was made that the order be superseded, pending appeal to this court. This application was granted, a bond being required of the plaintiff that she would keep the child within the jurisdiction of the court and perform the final judgment of the district court and this court. The plaintiff in such case is a resident of Pottawattamie County, and the defendant, a resident of Missouri. The motion for the modification of the decree was heard by Judge Arthur and the order was made by him. The application to supersede was made on the same day, but after the departure of the trial judge from the city. Thereupon Judge Wheeler, of the same court, took cognizance of the matter by agreement of all parties. We think, therefore, that the question should be considered here in the same light as though Judge Wheeler

had been the trial judge who entered the order thus super-
seded. The argument for the appellant is that the proceed-
ing was analogous to a *habeas corpus* proceeding and that
the order entered therein could not, therefore, be superseded.
The argument has its plausibility. We think, however, that
it would not do to apply to a divorce action the rules that
obtain in a *habeas corpus* proceeding. The question of the
custody of minor children is necessarily incident to the de-
termination of a divorce action. In such case, the court
exercises a somewhat broader jurisdiction than in a *habeas
corpus* proceeding, which theoretically involves only the
legality of the present detention. The *habeas corpus* proceed-
ing is a summary proceeding. Under the statute, a plaintiff
therein is entitled to an immediate discharge "if no suf-
ficient legal cause of detention is shown." Code Sec. 4452.
In such case, we have held that to permit such an order to
be superseded would defeat the summary character of the
remedy. *State v. Kirkpatrick,* 54 Iowa 373.

We have also held that, where a discharge was refused
in a *habeas corpus* proceeding on the ground that legal deten-
tion was shown, there could be no occasion for a supersedeas
to maintain the *status quo.* In such case, the supersedeas
order is not available to the plaintiff to give him a temporary
discharge from the custody to which the order of the court
remanded him, because this would interfere with rather than
maintain the *status quo.* *Orr v. Jackson,* 149 Iowa 641.

The right to sue out a writ of *habeas corpus* is a con-
tinuing right and is never foreclosed by a previous adjudi-
cation. Though it be denied today it may be granted to-
morrow. The rules of procedure, therefore, in such a proceed-
ing are peculiar to itself and are not controlling in other
forms of action. Turning, therefore, to the divorce proceed-
ing, the plaintiff Maggie was in the actual control and custody
of her child. The question before the court was: Which was
the more suitable party to exercise such control and custody
in the light of the best interest of the child? That the order

of the district court was necessarily appealable is not disputed. That the interests of the child might require that its custody be not disturbed until the final determination of the controversy is quite evident. We think it manifest that the court could properly have taken this view when it made the order awarding the custody to the father and that it could properly have made provision for delay in the execution of the order until the appeal, if any, could be heard in this court. The application for the modification or stay was made immediately and upon the same day. The jurisdiction of the court was not lost. We think, therefore, that the court had power to make the order. The merit of the order in any other respect is not before us. The writ of certiorari will therefore be discharged.—*Affirmed.*

DEEMER, C. J., LADD and PRESTON, JJ., concur.