L. McCoy, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

**INJUNCTION:** Damages Pending Appeal. A plaintiff who obtains a nonself-executing injunctional order, and in connection therewith recovers damages to date of order, and who, at the request of defendant, stipulates that he will not issue execution, pending appeal, and that defendant need not secure a stay order from the appellate court, may, on the affirmance of the cause, recover of defendant the additional damages accruing since the date of the injunctional order, because of the withholding of execution. Especially is this true when the stipulation disclaimed any intention to waive said damages.

*Appeal from Monroe District Court.*—C. W. VERMILION, Judge.

NOVEMBER 15, 1921.

ACTION to recover damages for the alleged wrongful interference by the defendant with plaintiff's access to the water of a certain pond or reservoir, used by him for watering stock. The facts are fully stated in the opinion. See, also, *McCoy v. Chicago, Milwaukee & St. Paul R. Co.,* 176 Iowa 139. A jury was waived, and the cause tried to the court, resulting in a judgment for plaintiff for $600. Defendant appeals.—*Affirmed.*

*Hughes, Sutherland & O'Brien,* for appellant.

*John T. Clarkson,* for appellee.

STEVENS, J.—I. A decree and judgment was entered on June 3, 1913, by the district court of Monroe County, in a suit brought by plaintiff to enjoin the defendant from fencing a

certain pond or reservoir located upon land purchased by it
for that purpose from a former owner of a 185-acre farm now
owned by plaintiff, restraining the defendant from maintaining
a fence about said reservoir, so as to deprive plaintiff of access
thereto, and awarding him damages in the sum of $500. The
deed conveying to the defendant the small tract on which the
pond or reservoir is situated, contained the following provision:

"We reserve the right of using the water upon said prem-
ises for stock purposes."

The portion of the decree of June 3, 1913, that is material
to the questions presented upon this appeal is as follows:

"It is further hereby ordered, adjudged, and decreed that
the defendant, Chicago, Milwaukee & St. Paul Railway Com-
pany, its servants, agents, or employees or other persons repre-
senting it, are hereby enjoined and restrained from building,
keeping, or maintaining a fence or other obstruction which will
prevent or exclude plaintiff from using water for stock purposes
from off said premises, or watering stock thereat; and that said
defendant, its servants, agents, or employees, are hereby ordered
to remove the fence or other obstruction now kept and main-
tained on said premises, or so much thereof as will permit
plaintiff's stock to obtain water at the pond or reservoir located
on the described premises over which plaintiff's easement exists.
And the clerk of the district court of Monroe County, Iowa, be
and he is hereby authorized and directed to issue a writ of
injunction and removal in accordance with this decree; and
unless defendant removes said fence or obstruction within forty
(40) days, the sheriff of Monroe County, Iowa, be and he is
hereby authorized to remove said fence or obstruction, or so
much thereof as will at all times permit plaintiff and plain-
tiff's stock free access to the pond or reservoir referred to, for
stock watering purposes, and the costs thereof to be certified
to the clerk of this court and be taxed to the defendant."

Defendant appealed from that judgment and decree to this
court, where the judgment for damages was sustained, but the
decree granting injunctional relief was modified, and the cause
remanded to the district court for decree in harmony with the
opinion of this court. *McCoy v. Chicago, M. & St. P. R. Co.,*
176 Iowa 139.

This action was commenced some time after the case was disposed of upon the former appeal for damages accruing during the pendency of the appeal, and resulted, as stated, in a judgment for $600 in favor of plaintiff. The defendant did not file a supersedeas bond, nor obtain an order of this court staying the enforcement of the mandatory decree of the court, and the defendant now urges, as a defense to plaintiff's cause of action, that the injunctional order was self-executing; that plaintiff could not sit by, with the means of removing the fence at hand, while the cause was pending in this court on appeal, and then, after the decree was affirmed, assert a claim for damages, upon the ground of the alleged interference by appellant with access to the reservoir for plaintiff's stock. The decree in the equity suit is dated June 3, 1913. On May 28, 1913, plaintiff's attorney, at the request of one of defendant's attorneys, signed a stipulation, waiving supersedeas and consenting that execution be stayed during the pendency of the appeal, as follows:

"A decree and judgment having been rendered against the defendant in the above entitled cause, and from which decree and judgment defendant desires and proposes at once to take and perfect an appeal to the Supreme Court, the plaintiff hereby agrees to waive the giving of any supersedeas or appeal bond for the purpose of staying the execution of said judgment and decree pending said appeal, and agrees that execution may be stayed during the pendency of such appeal. Plaintiff, however, not waiving any damages accruing since the time of the trial of said case."

This stipulation, when signed, was returned to defendant's attorney, and filed in the office of the clerk of the district court on June 5, 1913. Counsel for appellee asserts that this stipulation was entered into in good faith; that it was binding upon the parties, and had the same effect as a supersedeas bond or stay order issued out of this court, and operated to preserve all of his rights during the period covered by the appeal. To this, appellant replies that it was, at most, on appellee's part, a mere voluntary waiver of a supersedeas bond and stay order, without consideration, and in no respect binding upon appellee;

that he was not bound to observe it unless he wished; but that, having done so, he cannot now claim damages.

Manifestly, the injunctional order was not self-executing. The order requiring the defendant to remove its fence, so as to provide access to the water in the reservoir for the benefit of plaintiff's stock, was mandatory in character, and could only be rendered effectual by the affirmative act of the sheriff. We said, in *Haddick v. District Court,* 164 Iowa 417:

"A self-executing order is ordinarily one which is injunctional and prohibitive, or one which fixes the status of a party, as in an action of divorce, or in an action to test the right to office, or one which adjudicates the title to property, and especially where a title is quieted in a party in possession. An order which, in its nature and its terms, is mandatory upon the defeated party, requiring him to perform an affirmative act, is not a self-executing order, for the simple reason that it is not executed at all while the defeated party refuses to perform. In such a case, compulsory process is available to enforce performance. That is just what the contempt proceeding was. If the order had been self-executing, there would have been no need of compulsory process."

II.   Assuming that the filing of a supersedeas bond would not operate to suspend the injunctional relief granted by the decree, and that a stay order issued out of this court was necessary for that purpose, as contended by counsel for appellant, is it in a position to avail itself of the failure of appellee to proceed as soon as possible under the decree to carry out the order of the court? Defendant in the court below tendered $50, as damages suffered by plaintiff during the time the enforcement of the order was suspended by the court's decree. One of the grounds of appellant's complaint upon the former appeal was that the reservation in the deed was personal, and not a covenant running with the land; that no right to the use of the reservoir passed to appellee by the deed conveying the 185-acre farm to him; and that, therefore, he was not entitled to injunctional relief. This court modified the decree of the lower court with reference to the fence maintained by appellant about the reservoir, and required that a supplemental decree be filed. We said:

"We have no criticism to make of the decree below in this respect, except that we think the court should have taken some measure to fix a definite line for such fence, the same to be maintained by the defendant so long as it chooses so to do, subject to the authority of the court to order a change therein if, by any future variation in the water level, such change shall be necessary to preserve plaintiff's right of access to the reservoir for stock purposes. That this may be done, the cause will be remanded to the district court, with directions to appoint a competent surveyor or other person as referee to examine and report upon the situation, with plat showing the outline of the reservoir and the changes which the referee recommends in the fence erected by the defendant. Upon this report, and such additional testimony as the court may in its discretion permit to be introduced, let a supplemental decree be entered which shall definitely locate the fence which defendant may maintain, and restrain defendant from otherwise interfering with plaintiff's use of the water, and also restrain plaintiff from encroaching upon the water outside of the barrier so erected."

John T. Clarkson, who was plaintiff's attorney in the equity suit and in this action, testified that defendant's attorney came to him, with the stipulation quoted above prepared, ready for his signature, and requested him to sign it, and that, after adding the last sentence, as follows, "Plaintiff, however, not waiving any damages accruing since the trial of the case," he signed it, as attorney for plaintiff, and returned it to defendant's attorney. It is manifest that Mr. Clarkson, acting for his client, did not intend to voluntarily waive claim to damages during the pendency of the appeal. The stipulation explicitly provided to the contrary. He did intend it to have the effect, however, of preserving the status fixed by the decree, without the formality of appellant's executing and filing a supersedeas bond, or obtaining a stay order from this court. We think it may well be assumed that, but for this stipulation, a proper bond would have been filed, and that an order staying proceedings under the decree, pending the appeal, would have been asked, and doubtless allowed, by this court. Both parties evidently acted upon the stipulation, and treated it as a binding obligation. Appellee thereby assumed that a supersedeas bond was not nec-

essary, to protect such claim as he might see fit and proper to assert against the appellant for damages. Both parties relied upon it, as they had a right to do. The stipulation was beneficial to appellant, in that the necessity and expense of obtaining and filing a supersedeas bond and a stay order were avoided, and the status fixed by the decree fully preserved. Stipulations in no wise harmful to clients are frequently entered into by attorneys, for the purpose of avoiding more or less troublesome formalities. It was readily within the power of appellant to obtain such order or to file such bond as was necessary to prevent the enforcement of the mandatory order of the court. We are not persuaded that plaintiff waived his right to claim damages, by the execution of the stipulation. None of the authorities cited from this state by appellant hold contrary to the conclusion herein announced.

Some question is made as to the admission by the court of certain testimony. The case was tried to the court, and we may well assume that incompetent testimony was disregarded, and that no prejudice resulted. The same answer of the witness could have been rendered competent by a slightly different form of question. We find no error in the record, and the judgment of the court is—*Affirmed.*

Evans, C. J., Arthur and Faville, JJ., concur.