ELBERT SCHEFFERS, appellant, v. ROZELLA SCHEFFERS (now ROZELLA BUCK), appellee.

No. 47831.

(Reported in 44 N.W.2d 676)

1218

November 14, 1950.

H. S. Life, of Oskaloosa, for appellant.

Dickinson & Dickinson, of Des Moines, for appellee.

GARFIELD, C.J.—The question presented is whether enforcement of a decree awarding custody to defendant-mother of the five-year-old child of the parties hereto is stayed by an order of supersedeas (or a stay order) of the clerk of the trial court, under rule 337, Rules of Civil Procedure, following plaintiff-father's appeal to this court from such decree and posting a supersedeas bond.

Plaintiff, Elbert Scheffers, and defendant, Rozella Scheffers, now Rozella Buck, were divorced February 27, 1947, and custody of their son, born in December 1945, was awarded plaintiff. On October 9, 1950, upon defendant's application, following a trial, the divorce decree was modified by awarding defendant custody of the child. The decree of October 9 finds there were material changes in the circumstances of the parties and the best interests of the boy require that his custody be transferred from plaintiff to defendant. Plaintiff was ordered to deliver to defendant on October 13, 1950, custody of the child and his clothing. Plaintiff was given the right to visit the boy at reasonable times and have the boy with him three days a month.

On October 11 plaintiff appealed to this court from the decree of October 9 and filed a supersedeas bond with the clerk of the trial court. The clerk thereupon issued an order requiring defendant-appellee to stay proceedings under the decree. It is obvious plaintiff's counsel and the clerk have proceeded under rule 337, R.C.P., which provides:

"(a) No appeal shall stay proceedings under a judgment or order unless appellant executes a bond with sureties, to be filed with and approved by the clerk of the court where the judgment or order was entered. The condition of such bond shall be that he will satisfy and perform the judgment if affirmed, or any judgment or order, not exceeding in amount or value, the obligation of the judgment or order appealed from, which the supreme court may render or order to be rendered by the trial court; and also all costs and damages adjudged against him on the appeal, and all rents of or damage to property during the pendency of the appeal, of which appellee is deprived by reason of the appeal.

"(b) If the judgment or order appealed from be for money, the penalty of such bond shall be one hundred twenty-five percent of the amount, including costs, unless, in exceptional cases, the

trial court fix a larger amount; in all other cases, an amount sufficient to save appellee harmless from the consequences of the appeal; but in no event less than three hundred dollars.

"(c) No appeal shall vacate or affect the judgment or order appealed from; but the clerk shall issue a written order requiring the appellee and all others to stay proceedings under it, or such part of it as has been appealed from, when the appeal bond is filed and approved."

 Defendant has filed in this court a motion to set aside the stay order of the clerk of the trial court on the ground he had no legal authority to make it. Plaintiff in turn has filed with us a motion to strike defendant's motion on the ground the latter is unauthorized by statute or rule and, in effect, that we are without power to sustain it.

With regard to *plaintiff's* motion just referred to it is doubtless true no statute or rule expressly authorizes such a motion as defendant has filed with us. Nevertheless, without now passing on the merits of defendant's motion, we think she has proceeded properly in moving this court to set aside the clerk's order. If, as defendant contends, the decree is not such as may be superseded under rule 337, there can be little doubt as to this court's power to set aside the clerk's order of supersedeas.

Article V, section 4, Iowa Constitution, provides, "The Supreme Court * * * shall have power to issue all writs and process necessary to secure justice to parties, and exercise a supervisory control over all inferior Judicial tribunals throughout the State."

Rule 347(a), R.C.P., which supersedes section 12831, Code, 1939, states: "The supreme court shall issue all writs and processes necessary for the exercise and enforcement of its appellate jurisdiction and in the furtherance of its supervisory control over all inferior judicial tribunals and officers thereof throughout the state * * *."

We see no reason why the court's power of supervisory control over inferior judicial tribunals and officers thereof may not be invoked by such a motion as defendant has filed here. Accordingly, plaintiff's motion to strike the motion filed by defendant is overruled. See in this connection Norris v. Tripp, 111 Iowa 115, 120, 82 N.W. 610; Manning v. Poling, 114 Iowa 20, 26,

27, 83 N.W. 895; State ex rel. Jebens v. Noth, 173 Iowa 1, 151 N.W. 822; Hutchins v. City of Des Moines, 176 Iowa 189, 212–216, 157 N.W. 881; State ex rel. O'Connor v. District Court, 219 Iowa 1165, 1169–1176, 260 N.W. 73, 99 A. L. R. 967; Casebolt v. Casebolt, 170 Ky. 88, 185 S.W. 510; annotation 112 A. L. R. 1351.

Defendant's counsel concede the clerk's stay order is valid insofar as it stays enforcement of the judgment (in the decree of October 9) against plaintiff for costs. Counsel contend, however, transfer of the child's custody from plaintiff to defendant pursuant to the decree may not be thus stayed.

Rule 337 supersedes sections 12858 to 12861, inclusive, Code, 1939, which, in substance, were similar to the rule. See Cook's Iowa Rules Civil Procedure, page 738. We have repeatedly held enforcement of a judgment which was "self-executing," or as sometimes stated "self-enforcing," was not stayed by taking an appeal, filing a bond and issuance of the clerk's stay order under these statutes. Hewitt v. Hawkeye Casualty Co., 212 Iowa 316, 322–325, 232 N.W. 835, and citations; Manning v. Poling, supra, 114 Iowa 20, 25, 26, 83 N.W. 895; Allen v. Church, 101 Iowa 116, 124, 70 N.W. 127.

The general rule is that enforcement of a self-executing judgment is not affected by a stay of proceedings pending the appeal. 3 Am. Jur., Appeal and Error, section 540.

That the statutes have been superseded by rule 337 affords no basis for departing from our prior decisions as to self-executing judgments. Under rule 337, as well as under the statutes, it is only "proceedings under a judgment or order" which are stayed by the clerk's order and the validity of the judgment or order appealed from is not thereby affected. See decisions cited last above.

Defendant argues the custodial provisions of the decree here are self-executing and therefore are not stayed by the clerk's order. Haddick v. District Court, 164 Iowa 417, 420, 145 N.W. 943, 944, holds a probate order requiring a former administrator to turn over funds to his successor was not self-executing and states:

"A self-executing order has been defined by this court as one which requires 'no act of a ministerial or other officer to put

1222

it into effect.' Allen v. Church, 101 Iowa 116. Generally speaking, a self-executing order presupposes that no act of the defeated party is required in order to render its fruits available to the successful party. A self-executing order is ordinarily one which is injunctional and prohibitive, or one which fixes the status of a party, as in an action of divorce, or in an action to test the right to office, or one which adjudicates the title to property, and especially where a title is quieted in a party in possession. *An order which in its nature and its terms is mandatory upon the defeated party, requiring him to perform an affirmative act, is not a self-executing order, for the simple reason that it is not executed at all while the defeated party refuses to perform.* In such a case compulsory process is available to enforce performance. That is just what the contempt proceeding was. If the order had been self-executing, there would have been no need of compulsory process." (Italics added.)

Most of this quotation from the Haddick case is repeated in McCoy v. Chicago, M. & St. P. Ry. Co., 192 Iowa 448, 451, 185 N.W. 103, 104, where it is held an order requiring removal of a fence was not self-executing because it "was mandatory in character, and could only be rendered effectual by the affirmative act of the sheriff."

█ Under the test adopted in the Haddick and McCoy cases, supra, it would seem the decree of October 9 is not self-executing because it is mandatory upon plaintiff, requiring him to perform the affirmative act of delivering the child to defendant, and is not executed while plaintiff refuses to perform. So long as plaintiff refuses to deliver the boy to defendant, and it is apparent plaintiff intends to keep him at least as long as he legally can, resort must be had to some process, writ or proceeding to enforce the decree.

█ We are of the opinion however that rule 337 was not intended to, and does not, permit stay of proceedings by the method there provided, under such a decree as that of October 9, except of course as to collection of costs. The rule does not clearly apply to such a decree. Rule 337(b) states that if the judgment is not for money the penalty of the bond shall be "an amount sufficient to save appellee harmless from the consequences of the appeal; but in no event less than three hundred dollars."

How can any amount of money save this mother harmless from the consequences of being deprived of the custody of her child until plaintiff's appeal is finally disposed of, in the event of an affirmance?

It is no answer that the father would likewise be deprived of the child's custody during pendency of the appeal, in the event of a reversal, by surrendering the child to the mother during such period. As defendant concedes, this court has the undoubted power to order a stay of proceedings under the decree from which plaintiff has appealed if it appears to be for the best interests of the child that he remain with the father until the appeal is finally decided. See annotation 163 A. L. R. 1319, 1320 et seq. The power to issue stay orders is frequently exercised by us and it must be presumed a stay would be granted here if the welfare of the child would thus be served. See Gebhardt v. McQuillen, 230 Iowa 181, 188, 297 N.W. 301, 304; Welton v. Iowa State Highway Comm., 208 Iowa 1401, 1403, 227 N. W. 332, and citations; article by Frederic M. Miller, 29 Iowa Law Review 48, 50.

If we were to hold taking the appeal, posting bond and issuance of the clerk's order effectively stay proceedings in the trial court to enforce the decree (and there is authority for such view—see State ex rel. Gray v. Hennings, 194 Mo. App. 545, 185 S.W. 1153; Hohenadel v. Steele, 237 Ill. 229, 86 N.E. 717, 719; Goldsmith v. Valentine, 35 App. D. C. 299), we could not agree we would thereby be deprived of the right to make such provision as the child's welfare might require for his temporary custody during pendency of the appeal. Such right is very generally recognized by the courts. Early v. Early, 49 App. D. C. 123, 261 F. 1003; Casebolt v. Casebolt, supra, 170 Ky. 88, 185 S.W. 510; Kelly v. Kemp, 63 Okla. 103, 162 P. 1079; Pike v Pike, 24 Wash.2d 735, 167 P.2d 401, 163 A. L. R. 1314, 1317, and annotation 1319, 1320.

The practical effect of our decision is to require plaintiff to apply to us for a stay order which would not be granted without notice and hearing, except perhaps temporarily until the question could be heard and decided (see rule 347, R. C. P.), rather than to require defendant to apply to us for an order giving her custody of the child during pendency of the appeal.

We think we are justified in thus placing upon plaintiff the burden of proof, so to speak, that the welfare of the child will be served by leaving him with the father until the appeal is decided. Following a trial the district court found, as stated, that the best interests of the boy require that his custody be transferred from plaintiff to defendant. This finding should not be rendered ineffective during the pendency of the appeal by the mere ministerial act of the clerk of the trial court in issuing a stay order. If the decree is to be stayed it should be done by this court following notice and hearing.

In Jayne v. Drorbaugh, 63 Iowa 711, 716, 17 N.W. 433, 436, frequently cited with approval, a plaintiff was held entitled to hold the office of county supervisor. A rival claimant appealed, posted bond and sought to stay the judgment under statutory provisions similar to rule 337. We held this could not be done. This from the opinion is applicable here:

"When it has been determined * * * that a person is entitled to the possession of a civil office to which he claims to have been elected by the people, an appeal to this court should not have the effect to deprive such person of such office, pending the appeal, unless the statute in terms so provides. * * * We think, if the intent was that the bond and appeal should have the effect to prevent the plaintiff from taking possession of the office, *the statute in fixing the terms and conditions of the appeal bond would in clear and distinct terms have contained provisions to that effect.* It is obvious, however, that it does not do so." (Italics added.)

In State v. Kirkpatrick, 54 Iowa 373, 6 N.W. 588, in a habeas corpus proceeding the right to custody of a child was changed from the father to the mother. We held the order was not superseded by the father's taking an appeal and filing bond. The decision accords with many from other jurisdictions. See annotation 63 A. L. R. 1460, 1482–1495. A leading case is State ex rel. Davenport v. Poindexter, 45 Wash. 37, 40, 87 P. 1069, quoted from with approval in State ex rel. McGhee v. Superior Court, 99 Wash. 619, 170 P. 130, L. R. A. 1918C 921, and other cases. The earlier Washington decision states:

"Where minor children are involved a much different consideration is presented than obtains with reference to mere property rights. The welfare of the children is a matter of prime importance and public concern, and must be the subject of careful consideration at all stages of any proceeding wherein their possession, custody or control is involved. In such a proceeding as this, we do not think the giving of a supersedeas bond has any effect whatever upon the possession, custody and control of the minor children in question. It being presumed that the order of the trial judge was correct, and that he was actuated by a consideration for the minors' welfare, it would be against public policy to have that welfare imperiled during an appeal, in the absence of a statute clearly permitting the staying of such orders. * * * When the appeal was perfected, this court became invested with jurisdiction to make such orders as the welfare and necessities of said minors might demand. If, as contended by relator, the present situation of these minors is so unsuitable as to menace their physical or moral welfare or other substantial interests, the question of an appropriate change could doubtless be considered by this court upon a proper showing."

Casebolt v. Casebolt, supra, 170 Ky. 88, 185 S.W. 510, is squarely in point. There the right to custody of a child was taken from the father and awarded the mother upon her motion to modify the divorce decree. The father took an appeal, gave bond and caused supersedeas to issue. The mother moved the appellate court to discharge the supersedeas on the ground such a judgment could not be thus stayed. The motion was sustained. The court held its power to act for the best interests of the child could not be thus hampered or defeated and since there was nothing in the record to contradict the trial court's finding the best interests of the child required it to be with its mother, the finding would be taken as true and the trial court's order carried out. See also Franklin v. Franklin, 299 Ky. 426, 185 S.W.2d 696.

In State ex rel. Spratt v. Spratt, 150 Minn. 5, 184 N.W. 31, in proceedings to modify a divorce decree a mother had been held entitled to the custody of children. The father appealed from the amended decree and furnished a supersedeas bond to stay proceedings thereunder. The decision holds the appeal and

supersedeas in the divorce suit did not prevent the mother from recovering custody of the children by a separate action of habeas corpus.

In Tate v. Tate, 163 La. 1047, 1051, 113 So. 370, 371, it is said:

"Neither party in a suit for the custody of a minor child is entitled, as a matter of right, by appealing to this court, to stay execution of an order giving to the other party the care and custody of the child. * * * The only means for correcting an erroneous order in such cases is for the party complaining to apply to this court for the exercise of its supervisory jurisdiction and control over other courts."

Our decision is not in conflict with Scott v. Wheeler, 170 Iowa 99, 151 N.W. 1100, a divorce proceeding in which custody of a child was awarded the father. Immediately, apparently before an appeal had been taken, the mother applied to the district court that the order be superseded and the child permitted to remain with her pending her appeal from the order. The district judge considered the application and granted it upon the filing of a bond that the mother would keep the child within the jurisdiction of the court and perform the final judgment. In certiorari brought by the father to test the legality of the order of supersedeas we held the trial court had the power to make it and that its merits were not before us.

Scott v. Wheeler, supra, is quite different from the present controversy. There the order of supersedeas was made by the trial court, not by the clerk in a perfunctory way, while it still had jurisdiction of the case. The opinion recognizes the trial court could properly find the best interests of the child required that his custody be not disturbed until final determination of the controversy. Perhaps we may reach a similar conclusion here if the question is presented to us. Of course we express no opinion now upon such an issue.

There is some authority to the effect the trial court has jurisdiction, even after appeal is taken, to make orders as to custody of children pending the appeal. See annotation 163 A. L. R. 1319, 1323–1325. Perhaps such a rule would be desirable since the trial court has heard the controversy in the first

instance, is equipped to hear further evidence, if necessary, and perhaps can enforce its orders more readily than we.

However, the present rule in this state and generally seems to be that after appeal in a divorce or separate maintenance case the trial court has no further jurisdiction over the controversy until some part thereof is remanded for further action. Accordingly any further allowances to the wife during pendency of the appeal cannot be made by the trial court but must be made by us. Shors v. Shors, 133 Iowa 22, 25, 26, 110 N.W. 16; Lewis v. Lewis, 138 Iowa 593, 596, 116 N.W. 698; Mengel v. Mengel, 157 Iowa 630, 646, 138 N.W. 495; Doolittle v. Doolittle, 166 Iowa 625, 634, 147 N.W. 893. See also annotations 18 A. L. R. 1494, 1505; 136 A. L. R. 502.

It is our conclusion defendant's motion to set aside the stay order of the clerk of the trial court should be sustained except insofar as such order stays the collection of costs taxed against plaintiff in the decree of October 9.—Defendant's motion is sustained in part; reversed in part.

BLISS, OLIVER, WENNERSTRUM, SMITH, MANTZ, MULRONEY, and HAYS, JJ., concur.

HALE, J., not sitting.