## FLETCHER v. KELLOGG.

(Court of Appeals of District of Columbia. Submitted October 8, 1924. Decided November 3, 1924.)

### No. 4126.

**I. Attorney and client ⬢⟼174—Injunction ⬢⟼43—Attorney's claim for amount due from legatee for costs and expenses held not secured by lien, but entitled to protection in equity.**

Legatee's attorney, who had never acquired actual possession of legacy, had no legal lien, either by statute or common law, on legacy as security for sums advanced for costs and expenses, but his claim was such as to invoke equitable interference of court for its protec-

tion, and court properly restrained payment of amount involved to legatee until decision of equity suit then pending between attorney and legatee.

**2. Courts ⬢⟼523—Portion of legacy withheld pending decision in other case held properly paid pending attorney's appeal in other case without supersedeas bond.**

Probate court, having restrained payment to legatee of amount claimed by legatee's attorney, pending determination as to validity of attorney's claim in action pending between attorney and legatee, properly ordered payment to legatee following decree in his favor in other case, notwithstanding attorney's appeal, where attorney did not file supersedeas bond, under Code, § 1074.

Appeal from the Supreme Court of the District of Columbia.

In the matter of the estate of William Pitt Kellogg, deceased. From an order directing the executor to pay a certain sum from the assets of the estate to Sherman Kellogg, as legatee for whom Percy Kellogg, executor of the estate of Sherman Kellogg, deceased, was substituted, Edmond C. Fletcher appeals. Affirmed.

See, also, Fletcher v. Coomes, 52 App. D. C. 159, 285 F. 893.

E. C. Fletcher, of Washington, D. C., pro se.

W. C. Clephane and J. W. Latimer, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This appeal is brought to challenge an order entered by the Supreme Court of the District of Columbia, sitting in probate, whereby the executor of the estate of William Pitt Kellogg, deceased, was directed to pay the sum of $400 from the assets of the estate to Sherman Kellogg, as a legatee under the last will and testament of the decedent. Sherman Kellogg is now deceased, and his executor is the appellee herein.

It appears from the record that on May 3, 1922, the estate in question was in process of administration in the lower court, and that a certain part thereof was payable to said Sherman Kellogg as legatee; whereupon Edmond C Fletcher, the present appellant, who apparently up to that time had not been a party to the record, presented a motion praying the court for leave to file a petition as intervener in the cause. The record now before us does not contain a copy of the proffered petition; nevertheless its tenor and purpose are made plain by the other papers in the case. In it the appellant averred that he had acted as legal counsel

for the legatee, Sherman Kellogg, in respect to his interest in the estate; that while acting as his counsel he had advanced for him various sums of money, amounting in all to $400, in the payment of costs and expenses accruing in said cause; that appellant had since been discharged as counsel but had not been reimbursed for these expenditures, which were still due and owing to him from said legatee. He accordingly prayed the court to find that the amount thus due him was a lien upon said legacy, and to order the executor to pay the same therefrom.

It appears, furthermore, that at the time of the filing of this motion a suit was pending in the same court, being equity proceeding No. 39138, between the appellant and legatee, wherein various conflicting claims were in dispute between them, and that the aforesaid indebtedness alleged to be due to appellant was one of the items included therein. Afterwards, to wit, on June 6, 1922, the court passed upon the appellant's motion for leave to file the petition, and overruled it with the following qualification, to wit: "With the exception that the executor be and it is hereby ordered to retain in its custody pending the determination of equity proceeding No. 39138, the sum of four hundred dollars ($400) claimed by said Fletcher to have been advanced by him in this cause on account of court costs and expenses for his client, Sherman Kellogg."

On July 18, 1923, the equity suit No. 39138 above referred to was determined, and a decree was entered against the appellant and in favor of said Sherman Kellogg in the sum of $1,574.45, upon an accounting which included the claim herein involved. A final decree for that sum, with a right of execution, was accordingly entered. The appellant thereupon appealed that case to this court, but filed no bond for a supersedeas therein; consequently the right to issue execution upon the decree was not suspended by the appeal. Afterwards, to wit, on October 22, 1923, the lower court, sitting in probate in the administration of the estate aforesaid, ordered that the executor should pay over to the legatee, Sherman Kellogg, the sum of $400, which up to that time had been withheld from him under the former order of the court. The appellant objected and excepted to this ruling, and now appeals to this court upon that issue. The present question, therefore, relates solely to the validity of the order last above set out.

[1, 2] Upon the foregoing statement we think it manifest that, since the appellant never secured actual possession of his cli-ent's distributive share of the estate, no legal lien, either by statute or common law, ever accrued upon it as security for the sum alleged to be due him as aforesaid. Gregory v. Pike, 67 F. 837, 15 C. C. A. 33. Nevertheless appellant's claim, if sustained in fact, was of such a nature as to invoke the "equitable interference of the court" for its protection, and accordingly the lower court was justified in restraining the payment of the legacy in question until after a decision was had upon the same claim in the equity suit then pending. 6 Corpus Juris, p. 765 et seq. But after that issue was tried, and appellant's claim was adjudged to be invalid, it followed that the court was right in ordering the payment of the legacy to the legatee. It is true that the appellant appealed from the decree entered in the equity suit, and the appeal is now pending in this court; but he filed no supersedeas bond for a stay of execution upon the decree, and consequently a writ of execution might have issued at any time thereafter. Code D. C. § 1074. And since the appellant failed to stay execution in the former case, the court was not bound to give him the benefit of a quasi stay of execution in this case. Otherwise the court might have been placed in the inconsistent position of issuing a writ of execution against the appellant for the collection of a decree which in effect canceled his claim against the appellee, while at the same time impounding the property of the appellee as a means of securing the payment of the claim thus canceled. We think that the "equitable interference" of the lower court in behalf of the alleged claim of the appellant was fully performed by delaying the distribution until after the disputed claim had been submitted to trial in said suit No. 39138, and adjudged to be invalid.

It may indeed be questioned whether the appellant had such standing as a party in the lower court as to entitle him to appeal the present issue to this court. It may be assumed that he was not in any way a party to the record in that court, nor otherwise interested in the settlement of the estate in question, at the time when he applied for leave to file a petition therein. The court overruled his application, and denied him the privilege of filing a petition in the case, and thus in effect denied him the status of a party to the record. It is true that at the same time the court ordered the executor to retain in its custody, pending the determination of equity proceedings No. 39138, the sum of $400 claimed by the appellant. But it may well be doubted whether this

gave the appellant such a standing in the case as to entitle him to his present appeal. However, it is not necessary for us to pass upon this query.

The decision of the lower court is affirmed, at the cost of the appellant.