## JINKENS v. HAMPSHIRE GARDENS DEVELOPMENT CORPORATION, et al.
### Equity No. 50490.

Supreme Court of the District of Columbia.
March 20, 1935.

Foster Wood, of Washington, D. C., for plaintiff.

L. Robinson Maddox, of Washington, D. C., for defendant.

LUHRING, Justice.

On the 12th of November, 1929, the plaintiff, Garnett O. Jinkens, through her attorney, L. Robinson Maddox, filed her bill in equity against the defendants, Hampshire Gardens Development Corporation et al., praying for an injunction and damages. Subsequently, and on the 12th day of May, 1930, Maddox filed motion for substitution of attorneys, and to require the plaintiff "to give a proper bond, with approved sureties, to cover the claim for $350 of the said L. Robinson Maddox for professional services rendered by him in said cause."

On June 25, 1930, the Court made the following order:

"This cause came on to be heard upon the motion of L. Robinson Maddox, attorney of record for the plaintiff, for substitution of attorneys herein; and thereupon, upon consideration thereof, it is, this 25th day of June, 1930, ordered, adjudged and decreed as follows, viz.:

"1. That the plaintiff, Garnett O. Jinkens, otherwise known as Mrs. Waldo A. Ross, forthwith give a proper bond in the amount of Three Hundred and Fifty Dollars ($350.00), with approved sureties, or, in lieu thereof, deposit with the Clerk of this court, Three Hundred and Fifty Dollars ($350.00) in cash, *as security for the* payment by the said plaintiff of the claim of the said L. Robinson Maddox for $350.-00 attorney's fees, for services rendered by him in said cause;*

"2. That, upon the giving of a proper bond by the plaintiff herein, with approved sureties, or the deposit by her with the Clerk of this court of $350.00 cash, as in Paragraph 1 hereof specified, the said L. Robinson Maddox be permitted to withdraw as attorney of record for the plaintiff in said cause, and Thomas C. Bradley, Esq., be substituted as such attorney of record in the place and stead of said L. Robinson Maddox;

3. *That the matter of the claim of the said L. Robinson Maddox for $350.00 attorney's fees for services rendered in said cause be referred to the Auditor of this court for proper action, determination and recommendation."*

The foregoing order was complied with by the plaintiff who deposited cash in the amount of $350.00 with the Clerk of this court in lieu of a bond, and this deposit is now in the hands of the Clerk.

The matter again came before the court on December 3, 1934, upon consideration of the Auditor's report and exceptions thereto, and the following decree was made:

"Upon consideration of the report of the Auditor of this Court, filed herein June 4th, 1934; and the exceptions filed thereto by L. Robinson Maddox, claimant; the motion for a rehearing filed by L. Robinson Maddox to the ruling of the Court, overruling said exceptions; and after argument of counsel, it is by the Court, this 3d day of December, 1934:

Ordered, adjudged and decreed:

"That the motion for a rehearing be and the same is hereby overruled;

"That the report of the Auditor be and the same is hereby ratified and confirmed;

"That the claimant, L. Robinson Maddox, pay to the Auditor the sum of One Hundred Dollars ($100.00) as a fee for his services;

"That the claim of L. Robinson Maddox for professional services rendered plaintiff, be and the same is hereby disallowed;

"That L. Robinson Maddox deliver forthwith, to Foster Wood, attorney of record for plaintiff, all papers and records placed in his hands by the plaintiff;

*"That the Clerk of this Court pay over and refund to the plaintiff, Garnett O. Jinkens, or to her Attorney of Record, Foster Wood, the sum of Three hundred fifty dollars ($350.00) heretofore deposited in the registry of this Court by the plaintiff in compliance with the order of this Court entered herein on the 25th day of June, 1930;*

That plaintiff recover of claimant, L. Robinson Maddox, her costs.

The claimant, Mr. Maddox, excepted to the decree and noted an appeal as follows:

"Exceptions, which are hereby allowed, are noted by the claimant L. Robinson Maddox to the foregoing decree, and, in open court an appeal is noted to the United States Court of Appeals for the District of Columbia. An appeal bond is fixed at One Hundred Dollars ($100.00) or in lieu thereof Fifty Dollars ($50.00) cash."

The appeal was perfected December 27, 1934. There is no supersedeas bond.

The plaintiff has demanded of the Clerk of this court that he comply with the decree and "pay over and refund to the plaintiff, Garnett O. Jinkens, or to her attorney of record, Foster Wood, the sum of Three Hundred and Fifty Dollars ($350.-00) heretofore deposited in the registry of this court by the plaintiff in compliance with the order of this court entered herein on the 25th day of June, 1930."

The Clerk refused the demand and the matter is now before the court on the motion of the plaintiff, filed hereon on the 15th day of February, 1935, asking that the Clerk be adjudged in contempt, and the reply of the Clerk in response thereto.

The Clerk admits the receipt of the money, and in his reply, refers to the order of reference to the Auditor, the Auditor's report and its confirmation, and the perfection of the appeal from the decree of December 3d, 1934, on the 27th day of December, 1934. The reply of the Clerk then continues as follows:

"In cases where the clerk is ordered to pay out money deposited with him, it has been the custom to hold the funds in question until the time to appeal has expired. In this case the appeal has been taken and perfected, and though no supersedeas bond has been filed, it was considered proper to hold the fund in question."

The question presented is whether the Clerk of this court must comply with the decree, directing him to pay over to the plaintiff or her attorney the money in his hands pending the appeal from that decree when no supersedeas or stay bond has been given by the claimant.

■ "The general rule is that the effect of a supersedeas or stay is to suspend proceedings and preserve the status quo pending the determination of the appeal or proceeding in error. It suspends all further proceedings on the * * * decree appealed from, or as to any matter embraced therein, and prevents the enforcement thereof in whole or in part pending the appeal." 3 C.J. 1315 § 1446 (4 C.J.S., Appeal and Error, § 662).

The rules of this court and likewise the rules of the United States Court of Appeals for the District of Columbia make provision for supersedeas bonds. Rule 56, par. 1, Supreme Court of the District of Columbia; Rule 10, par. 2, Rules of Court of Appeals.

■ An appeal without supersedeas does not operate as a stay of execution and a writ of execution may issue notwithstanding pendency of an appeal. Fletcher v. Kellogg, 55 App.D.C. 97, 2 F.2d 315, 316.

In that case the appeal was brought to challenge an order entered by this court sitting in probate, whereby the executor of the estate of William Pitt Kellogg, deceased, was directed to pay the sum of $400 from the assets of the estate to Sherman Kellogg, as a legatee.

In that case, it appears that on May 3, 1922, the William Pitt Kellogg estate was in the process of administration in this court, when one Edmond C. Fletcher presented a motion for leave to file a petition as intervenor in the cause. In this petition

Fletcher averred that he had acted as legal counsel for Samuel Kellogg, a legatee, with respect to his interest in the estate; that while acting as his counsel he had advanced for him various sums of money, amounting in all to $400, in the payment of costs and expenses accruing in said cause; that he had since been discharged as counsel, but had not been reimbursed for these expenditures, which were still due and owing to him from the legatee. He accordingly prayed the court to find that the amount thus due him was a lien upon the legacy, and to order the executor to pay the same therefrom.

At the time the motion was filed, there was pending in this court, an equity proceeding between Fletcher and Kellogg, the legatee, wherein various conflicting claims were in dispute between them, including the indebtedness referred to.

This court denied leave to file the petition in intervention, and overruled the motion with the following qualification: "With the exception that the executor be and it is hereby ordered to retain in its custody pending the determination of equity proceeding No. 39138, the sum of four hundred dollars ($400) claimed by said Fletcher to have been advanced by him in this cause on account of court costs and expenses for his client, Sherman Kellogg." Subsequently the equity suit was determined and a decree was entered therein against Fletcher and in favor of Sherman Kellogg in the sum of $1,574.45, upon an accounting, which included the sum of $400 just mentioned. A final decree with a right of execution was accordingly entered.

Fletcher appealed that case to the Court of Appeals of the District of Columbia, *but filed no bond for supersedeas therein.*

Afterwards, this court sitting in probate in the administration of the estate aforesaid, ordered that the executor should pay over to the legatee, Sherman Kellogg, the sum of $400, which up to that time had been withheld from him under the former order of the court. Fletcher objected and excepted to this ruling, and appealed to the Court of Appeals on that issue, thus presenting the question as to the validity of the order. The Court of Appeals held that this court was justified in restraining payment of the legacy until after a decision was had in the equity suit then pending, but further held that after Fletcher's claim was adjudged to be invalid, the court was right in ordering the payment of the legacy to the legatee. The court said:

"It is true that the appellant appealed from the decree entered in the equity suit, and the appeal is now pending in this court; but he filed no supersedeas bond for a stay of execution upon the decree, and consequently a writ of execution might have issued at any time thereafter. Code D. C. §1074. And since the appellant failed to stay execution in the former case, the court was not bound to give him the benefit of a quasi stay of execution in this case. Otherwise the court might have been placed in the inconsistent position of issuing a writ of execution against the appellant for the collection of a decree which in effect canceled his claim against the appellee, while at the same time impounding the property of the appellee as a means of securing the payment of the claim thus canceled. We think that the 'equitable interference' of the lower court in behalf of the alleged claim of the appellant was fully performed by delaying the distribution until after the disputed claim had been submitted to trial in said suit No. 39138, and adjudged to be invalid."

See, also, Scott v. Scott, 255 Mich. 663, 664, 239 N.W. 297; Haddick v. District Court, 164 Iowa 417, 145 N.W. 943.

■ The right of the plaintiff to the return of her cash deposit is settled by the case of Fletcher v. Kellogg, supra. The decree of the court, entered on the 3d day of December, 1934, is unequivocal and specifically directs the Clerk of the court to "pay over and refund" the deposit to her or her attorney.

In the absence of a supersedeas bond staying further proceedings under that decree, it is the duty of the Clerk to comply with it.

■ However, in view of his reply, the court is of opinion that the Clerk has act-

ed in good faith and in the honest belief that he should retain the custody of the deposit pending the appeal, and, therefore, he is not guilty of a wilful contempt of this court.

The motion of the plaintiff is denied.