## Casebolt v. Casebolt.

(Decided May 9, 1916.)

### Appeal from Pike Circuit Court.

1. Infants—Care and Custody—Power of Court of Appeals Pending Appeal as to.—Under section 2123 of the Kentucky Statutes, the Court of Appeals has the power, pending an appeal from a judgment disposing of the care, custody and control of an infant, to make such orders as may protect the interest of the infant.

2. Infants—Care and Custody.—The power of the court with respect to the custody of an infant is not dependent upon action upon the part of either parent, or upon a reservation in the judgment of authority to subsequently change or modify it.

3. Infants—Care and Custody.—Where the judgment of a circuit court granted the custody of a female infant, three years old, to the mother, who was a proper person to have the custody of her infant child, and the father superseded the judgment, the Court of Appeals will, upon the motion of the mother, discharge the supersedeas in order to commit the custody of the child to its mother.

R. H. COOPER for appellant.

J. P. HOBSON, JR., and J. H. ADKINS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER.—Sustaining motion to discharge supersedeas.

By a judgment of the Pike circuit court, entered at the November term, 1915, in this divorce action of Nannie Casebolt v. John Casebolt, the custody of their daughter Blanche Casebolt, who was less than three years old, was awarded to her father.

Upon motion of the plaintiff, Nannie Casebolt, the judgment was modified on March 29th, 1916, so as to give the mother, Nannie Casebolt, the custody of her daughter Blanche until the further order of the court.

The modified judgment, however, gave the father the right to visit his child on all reasonable occasions, and also prohibited the child from being removed out of the jurisdiction of the court.

John Casebolt excepted to the modification of the judgment; prayed an appeal to this court; and superseded the judgment by giving bond in the usual form and causing a supersedeas to be issued thereon.

Nannie Casebolt has filed a copy of the judgment, the supersedeas bond, and the supersedeas, and moved this court to discharge the supersedeas upon the ground that a judgment concerning the custody of an infant child is neither a final order nor such a judgment as can be superseded.

Section 2123 of the Kentucky Statutes reads as follows:

"Pending an application for divorce, or on final judgment, the court may make orders for the care, custody and maintenance of the minor children of the parties, or children of unsound mind, or any of them, at any time afterward, upon the petition of either parent, revise and alter the same, having in all such cases of care and custody the interest and welfare of the children principally in view; but no such order for maintenance of children or allotment in favor of the wife shall divest either party of the fee simple title to real estate."

The argument that the judgment awarding the custody of the child to either parent is not a final order is based upon the provision of the statute above quoted, which authorized the court to revise its judgment concerning the care, custody and maintenance of the minor children of the divorced parties.

There can be no doubt, however, that an order disposing of the care and custody of a child is a final order, and consequently appealable, notwithstanding the right of the circuit court to retain control over the case for the purpose of safeguarding the custody of the infant child. But the statute above quoted imposes upon this court, as well as the circuit court, the duty of having, in all cases, and at all times, the interest and welfare of the child principally in view; and, although the defeated parent may prosecute an appeal from a judgment concerning the custody of his child, this court will, in a proper case, make such temporary orders as may be

necessary to protect the child pending the appeal, notwithstanding the judgment may have been superseded.

This view was well expressed by this court in Shallcross v. Shallcross, 135 Ky. 424, as follows:

"Neither the father nor mother, however, has any right that can be allowed to seriously militate against the welfare of the child. If the father be unfit to have the custody of his child, the courts will promptly declare his rights forfeited. The same is true of the mother, and neither parent is entitled to the custody, if it is manifestly against the child's welfare. In such a case the custody of the child will be awarded to a third person. If the child has reached years of discretion, its wishes will be considered, but will not always control. As between the parents, the tendency of the courts is to give very young children to the mother, especially in cases of divorce."

The rule is especially applicable to this case, where the infant is under three years of age. In such a case, as said by Chief Justice Robertson in Adams v. Adams, 1 Duv. 167, "the character and destiny of the citizen are molded by the domestic tutelage of the nursling."

And, this power of the court with respect to the custody of the infant is not dependent upon action upon the part of either parent, or upon a reservation in the judgment of authority to subsequently change or modify it. Shallcross v. Shallcross, 135 Ky. 426; Davis v. Davis, 140 Ky. 526; Cullins v. Williams, 156 Ky. 65.

It is the duty of the court, under the statute, at all times to protect the child by confiding its care and custody to that parent which will best serve the welfare of the child; and, to hold that one parent could hamper or defeat this power of the court by superseding the judgment, would nullify the statute. As there can be no liability upon a bond superseding a judgment awarding the custody of a child to one parent, every such judgment could practically be defeated by an appeal with a supersedeas.

This court will, therefore, exercise this power of protection, in the interest of the child, regardless of any supersedeas of the judgment.

In the case at bar, the judgment of the chancellor found the appellee, Nannie Casebolt, to be a proper person to care for and look after her child, who was less than three years old, and that the welfare of said child required the care of its mother. As there is nothing in this record that contradicts, in any way, this finding of the

chancellor, it will be taken as true; and, in order to carry out the judgment of the chancellor and protect this infant child by placing it in the care and custody of its mother, the motion will be sustained and the supersedeas discharged.