### Franklin v. Franklin.

Feb. 16, 1945.

Gardner & Gardner and Floyd Arnett for appellant.

Nickell & Nickell for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD— Affirming.

On January 3, 1941, the appellee was granted an absolute divorce from appellant, and, pursuant to a written contract between the parties, awarded the custody of their daughter, then two years of age, together with the sum of $20 per month for the support of herself and the infant. On August 17, 1942, appellant served appellee with a notice that on September 8, 1942, he would move the Court to modify the original judgment by adjudging him the custody of the infant and suspending the allowance; and by agreement the hearing on the motion was passed to the October rule day. Thereafter, the motion to redocket the action was sustained and the motion to modify the judgment set for hearing on March 29, 1943, on which latter date, the appellee not being present or represented by counsel, a modified judgment was entered awarding the custody of the infant to appellant and abrogating the allowance. It should be here observed that no motion for a modification of the judgment appears in the record; that the notice of the motion stated no grounds therefor, and that the modified judgment recited no reason for its entry other than that the appellee had been notified and had failed to make defense. On April 1, 1944, appellee served notice on the attorney who had previously represented the appellant that on May 2, 1944, she would move the Court to modify the judgment of March 29, 1943, by adjudging her the care and custody of the infant; and in the motion set forth as grounds therefor that appellant was not the proper person to have the custody of the child, that appellee was such proper person, and that the judgment of March 29, 1943, was void because it was entered without notice, motion, pleading or proof showing any reason therefor. The Court passed the hearing of the motion to May 15th, and thereafter continued it to June 6, 1944, on a showing that the appellant was in the armed forces, and that the attorney referred to no longer represented him. Thereupon appellee served a similar notice on the father of appellant with whom the infant resided, the Court having entered an order pursuant to Section 626 of the Civil Code of

Practice designating the father as the person on whom the notice should be served. On June 6th, the date to which the motion had been passed for hearing and the date named in the notice served on appellant's father, the Court entered a judgment vacating and setting aside the judgment of March 29, 1943, and reinstating the judgment of January 3, 1941. The judgment recites that the appellant was represented by counsel at the hearing and the record fails to disclose that any of the allegations in appellee's motion and the notice which she had caused to be served on appellant's former attorney were controverted.

Appellant appealed from the judgment of June 6th, and executed a supersedeas bond, notwithstanding the fact that judgments respecting the custody and maintenance of infants may not be superseded. Casebolt v. Casebolt, 170 Ky. 88, 185 S. W. 510. The record which he filed contained only the proceedings subsequent to the entry of the original judgment; but appellee filed the record of the prior proceedings and moved that she be granted a cross-appeal from the judgment of June 6, 1944, and an original appeal from the judgment of March 29, 1943.

Appellant contends that the Chancellor was without power to set aside the judgment of March 29, 1943, after the expiration of the term at which it was entered, and hence, that the judgment of June 6, 1944, was erroneous. But if this was true, the judgment of March 29, 1943, was subject to the same infirmity, since the original judgment awarding the custody of the child to appellee was entered on January 3, 1941. Appellant seeks to avoid this dilemna by asserting that appellee cannot attack the judgment of March 29, 1943, otherwise than by a direct appeal therefrom and that she cannot utilize for that purpose the supplemented record. However, we have several times held that a party may prosecute an appeal upon the record filed by his adversary. Day v. Amburgey, 147 Ky. 123, 143 S. W. 1033. Appellee contends that the judgment of March 29, 1943 was void because no grounds were stated for setting aside the original judgment. Appellant counters with the contention that no grounds were stated for setting aside the judgment of March 29, 1943, but in this he is mistaken, since, as heretofore pointed out, both the motion and notice thereof set forth ample reasons for setting aside the latter judgment. Both parties apparently

have failed to realize the full extent of the control vested in the Chancellor over his decrees respecting the custody and maintenance of infants. KRS 403.070 provides: ''Pending an application for divorce, or on final judgment, the court may make orders for the care, custody and maintenance of the minor children of the parties and any of their children of unsound mind. At any time afterward, upon the petition of either parent, the court may revise any of its orders as to the children, having principally in view in all such cases the interest and welfare of the children. No such order for maintenance of children shall divest either party of the fee simple title to real estate.''

In the case of Hays v. Hays, 219 Ky. 284, 292 S. W. 773, we held that a motion stating sufficient grounds could properly be treated as the petition mentioned in the Statute; and in Shallcross v. Shallcross, 135 Ky. 418, 122 S. W. 223, 225, we held that the Court on its own motion, provided the parents had notice thereof, could at any time modify its judgments respecting the infant's welfare and custody. In the case last cited the Court pointed out that in cases such as this the infant is the ward of the Court; that when his person or property is affected ''there are few, if any, inflexible rules of procedure''; and that the provisions of the Statute quoted were not intended to prescribe an exclusive method by which the powers already vested in the Court might be exercised. See also Gray v. Gray, 295 Ky. 91, 174 S. W. 2d 16.

Hence, appellant is mistaken in his contention that the Court was without power to set aside the March 29, 1943, judgment and enter the judgment of June 6, 1944. Judgments of that character are clearly excepted from the class over which courts lose control at the expiration of the terms at which they are rendered.

It is not necessary to decide whether the judgment of March 29, 1943 was void. The controlling question is whether it was erroneous, and since, under the facts shown by the record, no other than an affirmative answer is possible, it was clearly the duty of the Chancellor to set it aside. West v. West, 294 Ky. 301, 171 S. W. 2d 453.

This conclusion renders unnecessary any disposition of the appeal from the judgment of March 29, 1943. The cross-appeal granted appellee from the judgment

of June 6, 1944, was a nullity since that judgment was wholly in her favor, and the order granting it is set aside. The judgment on the original appeal is affirmed.