Richard A. GETTY, Appellant,

v.

Linda S. GETTY (now Rudloff), Appellee.

No. 89–CA–2437–MR.

Court of Appeals of Kentucky.

July 13, 1990.

Linda Covington Christian, Lexington, for appellant.

Delores H. Pregliasco, Louisville, for appellee.

Before CLAYTON, EMBERTON and McDONALD, JJ.

McDONALD, Judge.

This matter is before the Court on a motion pursuant to CR 76.33, requesting a stay of the enforcement of a portion of a final judgment in the circuit court, and for relief to file a supersedeas bond upon that judgment.

Intermediate relief under CR 76.33(1) was granted by a judge of this Court, thereby keeping the status quo until this motion could be heard by a full panel.

The underlying facts are as follows: The appellee, Linda Rudloff (formerly Getty), moved for modification of child support and was granted an award increasing such from her former husband and natural father of the three children involved. The motion for modification was filed on October 31, 1988. On August 24, 1989, and on November 8, 1989, the circuit court modified the prior child support order and made the increased award final. That part of the judgment pertinent to this motion was an ordered lump sum based upon the increase in child support made retroactive to the date of the filing of the motion on August 31, 1988. This is a span of thirteen months over which the appellant claims he had no control and for which he had no responsibility.

On November 17, 1989, notice of appeal was filed along with a letter of credit of $15,000 to operate as a supersedeas bond to cover the lump sum arrearages caused by the thirteen-month retroactive order and an award of attorney's fees.

It is of note that the prospective increase of child support for the three children was not superseded although it is challenged on the direct appeal as being exorbitant. The appellant is complying with the prospective order while on appeal. On motion of the appellee, the trial court set aside the filing of the supersedeas bond which led to the granting of intermediate relief in this Court.

The issue before us is whether a judgment for lump sum child support may be superseded or bonded on appeal wherein the judgment consists of arrearages accumulated by the retroactivity of a circuit court's ruling based upon that court's increase of child support.

It is our conclusion that such a judgment may be superseded. In the case at hand, the appellant has been current with keeping the child support orders so the basic needs of the children have been provided for up until the time the motion to modify the award was filed. The facts of the case were heard by a domestic relations commissioner and recommendations were forwarded to the circuit court. Exceptions were heard and eventually the recommendations of the commissioner were adopted. For whatever reason, thirteen months lapsed between the time of the filing of the motion and the final judgment. The appellant complains that the modification was approximately a 65 percent increase in child support and, as such, has created an unjustifiable arrearage. Although we do not necessarily agree, appellant argues that Kentucky law does not allow for a retroactive award of child support payments, citing *Guthrie v. Guthrie*, Ky., 429 S.W.2d 32 (1968). Further, this Court's opinion in *Clay v. Clay*, Ky., 707 S.W.2d 352 (1986), held that a reversal of an increase in child support gives the payor no right of recoupment which, when applied to his circumstances, makes the appellant's right to an appeal under Section 115 of the Kentucky Constitution an academic exercise only.

The appellee's argument is that *Clay, supra*, and *Franklin v. Franklin*, 299 Ky. 426, 185 S.W.2d 696 (1945), unequivocally hold that a supersedeas bond is not proper in domestic relations cases. *Franklin*, which is cited in *Clay*, is seminally attached

to *Casebolt v. Casebolt*, 170 Ky. 88, 185 S.W. 510 (1916). *Franklin* makes the statement that the payment of child support is not bondable on appeal. For this proposition, *Franklin* cites *Casebolt* as authority. However, *Casebolt* is not a child support case. It dealt only with child custody which certainly is a distinguishable subject matter. *Casebolt* held that:

> As there can be no liability upon a bond superseding a judgment awarding the custody of a child to one parent [herein, it was upon modification from father to mother], every such judgment could practically be defeated by an appeal with a supersedeas. This court will therefore exercise this power of protection, in the interest of the child, regardless of any supersedeas of the judgment.

*Supra*, at 511.

Then *Franklin*, at 697, makes a very terse but erroneous statement: "Appellant appealed ... and executed a supersedeas bond, notwithstanding the fact that judgments respecting the custody and *maintenance of infants* may not be superseded. *Casebolt v. Casebolt....*" (Emphasis added.)

It is plain to see that *Franklin* expanded the scope of *Casebolt*. What is more detrimental to the question of bondability is that *Franklin* and *Casebolt* predated the adoption of Section 115 of the Kentucky Constitution which grants one appeal as a matter of constitutional right.

On the other side of the coin, the usual argument against bonding an appeal of child support judgments rests upon sound public policy. Permitting bonding on appeal may deprive the children of support and put them at risk pending the appeal. While the procedure is statutory in nature, most of the principles applied have their roots in equity. However, equity is not limited to trial court application only. This Court inherently has equitable powers when staying orders of lower courts by maintaining the status quo pursuant to CR 62, CR 65, CR 76.33 and CR 76.36(4). Consequently, this Court may review matters that come to us by motion, and on an ad hoc basis apply our sense of equity.

Considering the factors, inclusive of appellant's compliance with past pay orders, his compliance with the modified pay order, and the large amount of accumulated lump sum subject to the retroactive order, we believe the trial court abused its discretion by setting aside the supersedeas bond for the lump sum arrearages. The granting of this motion is no indication by this panel of the appellant's success on the merits of the appeal.

It is ORDERED that the stay entered by this Court on March 21, 1990, be continued until further order of this Court, and that the circuit court is directed to set aside its order which terminated the bond on the lump sum judgment.

All concur.