GREEN VALLEY ENVIRONMENTAL CORPORATION, Movant,

v.

Clarence CLAY, et al., Respondents.

GREEN VALLEY ENVIRONMENTAL CORPORATION, Appellant,

v.

Clarence CLAY, et al., Appellees.

GREEN VALLEY ENVIRONMENTAL CORPORATION, Movant,

v.

J. William HOWERTON, et al., Respondents.

Nos. 90–SC–581–I, 90–SC–592–MR and 90–SC–673–OA.

Supreme Court of Kentucky.

Nov. 1, 1990.

Lloyd R. Cress, James Park, Jr., Lexington, for movant/appellant.

Joe Francis Childers, Jr., Phillip J. Shepherd, Kathryn M. Hargraves, Natural Resources and Environmental Protection Cabinet, Office of Gen. Counsel, Frankfort, for respondents/appellees.

## OPINION AND ORDER DENYING INTERLOCUTORY RELIEF

On November 30, 1989, the Franklin Circuit Court entered an opinion and order which "set aside and held for naught" the order of the Natural Resources and Environmental Protection Cabinet granting Green Valley Environmental Corporation construction and operating permits for a solid waste landfill in Greenup County. Green Valley then filed a notice of appeal with the Kentucky Court of Appeals. The motion of respondents Clarence Clay and Janet Brown for relief pursuant to CR 65.-08 was denied by the Franklin Circuit Court.

During the pendency of the appeal, respondents Clay and Brown filed a motion to dismiss the appeal or alternatively for a stay of further administrative proceedings by the Natural Resources Cabinet. On July 18, 1990 a three judge panel of the Court of Appeals denied the motion to dismiss, granted respondents' motion to stay administrative proceedings pending final adjudication of the appeal and ordered the appeal to be advanced on the docket.

Movant, Green Valley then sought intermediate relief in this Court, pursuant to CR 76.33, pending final determination of its motion for interlocutory relief, pursuant to CR 65.09, simultaneously filed in this Court. After considering the pleadings and conducting a hearing on the matter, Justice Vance entered an opinion and order denying Green Valley intermediate relief, pursuant to CR 76.33, for failure to demonstrate extraordinary circumstances entitling it to immediate relief before consideration of its motion pursuant to CR 65.09.

Oral argument on Green Valley's CR 65.-09 motion was heard by this Court on August 28, 1990, and an order was entered September 5, 1990, directing the Court of Appeals to enter an order delineating the legal authority and reasoning for its "stay" order. Such order was entered by the Court of Appeals on September 11, 1990, stating that entry of the stay was a matter

of judicial discretion to preserve the status quo pending appeal and was in the interest of administrative and judicial economy.

This Court now has before it three separate actions filed by Green Valley relating to the issuance of the stay by the Court of Appeals: 1) Case No. 90–SC–581–I, a motion for relief pursuant to CR 65.09; 2) Case No. 90–SC–592–MR, a matter of right appeal and 3) Case No. 90–SC–673–OA, a petition for writ of prohibition. Additionally, respondents have filed motions to dismiss movant's motion pursuant to CR 65.09 in Case No. 90–SC–581–I and matter of right appeal in Case No. 90–SC–592–MR.

■ In Case No. 90–SC–581–I movant seeks interlocutory relief pursuant to CR 65.09. CR 65.09 provides that any party adversely affected by an order of the Court of Appeals in a proceeding under CR 65.07, 65.08, or in a habeas corpus proceeding may move this Court to "modify or vacate" it. Such motion will be "entertained only for extraordinary cause shown in the motion", CR 65.09. CR 65.07 provides relief in the Court of Appeals from a trial court's order granting, denying, modifying or dissolving a temporary injunction. CR 65.08 provides that a circuit court and/or the Court of Appeals may grant, suspend, or modify injunctive relief during the pendency of an appeal.

Although the effect of the Court of Appeals' action in granting a stay of further administrative procedures herein may have been somewhat akin to the granting of injunctive relief, this Court is without jurisdiction to grant relief pursuant to CR 65.09. The specific mandate of the rule states that such action arises only when a party is affected by an order of the Court of Appeals in a proceeding under CR 65.07, CR 65.08 or in a habeas corpus proceeding. No such injunctive relief pursuant to CR 65.07 or CR 65.08 or proceeding for a writ of habeas corpus having been so filed, movant's motion for interlocutory relief pursuant to CR 65.09 is denied and appellees' motion to dismiss Case No. 90–SC–581–I is granted.

■ The second action filed by Green Valley is a "matter of right" appeal in Case No. 90–SC–592–MR. Citing the opinion rendered in *Getty v. Getty*, Ky.App. 793 S.W.2d 136 (1990), Green Valley maintains that it is entitled to an appeal as a matter of right to this Court from the action taken by the Court of Appeals. CR 76.01(2) provides that "(a)ppeals to the Supreme Court from judgments and final orders in proceedings originating in the Court of Appeals shall be covered by Rule 76.-36(7)...." CR 76.36(7)(a) echoes this language and the requirement that such "matter of right" appeals arise only from *judgments* or *final orders* in proceedings originating in the Court of Appeals.

The Court of Appeals order of September 11, 1990 specifically states that entry of the stay was a matter of judicial discretion to preserve the status quo of the case pending appeal. There is no matter of right appeal to this Court from such an interlocutory order of the Court of Appeals. Therefore, appellees' motion to dismiss the matter of right appeal filed in Case No. 90–SC–592–MR is granted and the appeal is hereby dismissed.

■ Movant's third action, Case No. 90–SC–673–OA, pursuant to CR 76.36, seeks an order prohibiting the Court of Appeals from enforcing its July 18, 1990 order staying further administrative proceedings before the Natural Resources and Environmental Protection Cabinet during the pendency of its appeal. Green Valley argues that because the stay order underlying its petition is equivalent to an equitable injunction or a writ of prohibition, the principles applicable to injunctions and writs of prohibition had to be followed in issuing the stay. Movant, asserts that the Court of Appeals therefore was required to follow the mandates of CR 65.04(1); including a clear showing by verified complaint, affidavit or other evidence that the rights of the respondents would be violated and that the respondents would suffer immediate irreparable injury if the injunction was not granted.

As we have stated supra, the action of the Court of Appeals in granting the stay pending appeal was to maintain the status

quo of the case pending before it on review. The inherent power of the Court of Appeals to issue such "writs necessary in aid of its appellate jurisdiction or the complete determination of any cause within its appellate jurisdiction" is enumerated in Section 111 of Kentucky's Constitution and stated in *Crady v. Cranfill*, Ky., 371 S.W.2d 640 (1963).

■ Therefore, as the Court of Appeals was proceeding within its jurisdiction, Green Valley has the burden to prove it is without an adequate remedy by way of appeal and that it will suffer great and irreparable injury without extraordinary relief. *Shumaker v. Paxton*, Ky., 613 S.W.2d 130 (1981).

■ Consistently this Court has held that the writ of prohibition is an extraordinary remedy and not a substitute for the appellate process. Such writs are generally issued:

1) When lower courts are proceeding or are about to proceed outside their jurisdiction and there is no adequate remedy by appeal or

2) When they are about to act incorrectly, although within their jurisdiction and there exists no adequate remedy by appeal or otherwise and a great and irreparable injury would result to the applicant.

*Shumaker v. Paxton*, Ky., 613 S.W.2d 130, 131 (1981).

■ In the case at bar movant fails to meet the elements required for the granting of this extraordinary relief. Our review of the record leads us to conclude that the Court of Appeals did not abuse its discretion in granting a stay of further administrative proceedings during the pendency of the appeal. The Court of Appeals acted within its jurisdiction in granting the stay and movant fails to demonstrate immediate and irreparable harm justifying the granting of its petition. Therefore the petition for relief pursuant to CR 76.36 in Case No. 90–SC–673–OA is denied.

All sitting.

COMBS, GANT, LAMBERT, VANCE and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J. dissents by separate opinion in which LEIBSON, J., joins.

STEPHENS, Chief Justice, dissenting.

While I agree with the majority opinion regarding Case Number 90–SC–581–I and Case Number 90–SC–592–MR, I respectfully dissent from the majority opinion in Case Number 90–SC–673–OA and would grant movant's petition for writ of prohibition, pursuant to CR 76.36.

As the majority states, a writ of prohibition is an extraordinary remedy generally issued only when lower courts are proceeding outside their jurisdiction, resulting in a great and irreparable injury to the applicant that will not be adequately remedied by appeal. However, I can not agree with the majority that the Court of Appeals acted within its jurisdiction in issuing a stay in this case of administrative proceedings in another action before the Natural Resources and Environmental Protection Cabinet.

Section 111 of Kentucky's Constitution allows an appellate court to enter such "writs necessary in aid of its appellate jurisdiction or the complete determination of any cause within its appellate's jurisdiction," but does not empower an appellate court to stay a separate proceeding before an administrative agency. The order of the Court of Appeals did not maintain the "status quo" of the action before it, rather the Court of Appeals' "stay" order interceded into a separate legal proceeding and changed the status quo therein without explanation and without a determination that such action was to prevent the occurrence of irreparable harm or to protect the Court of Appeals' jurisdiction. To stay the separate administrative proceedings respondents must file for injunctive relief in the circuit court and comply with the requirements set out in the Civil Rules and the decisions of this Court. The Court of Appeals is without original jurisdiction to enter orders staying separate legal proceedings and for that reason I dissent from the majority's opinion in Case No. 90–SC–673–

OA and would grant movant's petition for writ of prohibition and would prohibit enforcement of the order of the Court of Appeals, dated July 18, 1990, staying further administrative action before the Natural Resources and Environmental Protection Cabinet.

LEIBSON, J., joins in this dissent.