RUSSELL COUNTY, KENTUCKY HOSPITAL DISTRICT HEALTH FACILITIES CORPORATION, Appellant/Movant,

v.

EPHRAIM McDOWELL HEALTH, INC.; and L. Clark Taylor, Jr., Appellees/Respondents.

and

Russell County, Kentucky Hospital District Health Facilities Corporation, Appellant,

v.

Ephraim McDowell Health, Inc.; L. Clark Taylor, Jr.; and Hon. Vernon Miniard, Jr., Judge, Russell Circuit Court, Appellees.

and

Russell County, Kentucky Hospital District Health Facilities Corporation, Petitioner,

v.

Ephraim McDowell Health, Inc.; and L. Clark Taylor, Jr., Respondents/Real Parties in Interest,

and

Honorable Sara Combs, Judge, Kentucky Court of Appeals, Respondent.

Nos. 2004–SC–0938–I, 2004–SC–0939–MR, 2004–SC–0984–OA.

Supreme Court of Kentucky.

Dec. 16, 2004.

Robert L. Bertram, Bertram & Wilson, Joel Randolph Smith, Wilson & Smith, Jamestown, David Lewis Williams, Burkesville, Counsel for Appellant/Movant/Petitioner.

William P. Wiseman, Jr., Hiram Ely, III, Vickie Yates Brown, Melissa Norman Bork and Ann Toni Kereiakes, Greenebaum, Doll & McDonald, Louisville, Counsel for Appellees/Respondents, Ephraim McDowell Health, Inc.; and L. Clark Taylor, Jr.

Vernon Miniard, Jr., Monticello, Appellee, Vernon Miniard, Jr., Judge, Russell Circuit Court.

George E. Fowler, Jr., Court of Appeals, Frankfort, Counsel for Respondent, Hon. Sara Combs, Judge, Kentucky Court of Appeals.

## OPINION AND ORDER

LAMBERT, Chief Justice.

### I. INTRODUCTION

In a pending original action seeking a writ of prohibition, the Court of Appeals granted intermediate relief under CR 76.36(4) in the form of a temporary stay of a circuit court order. Subsequently, both an original action for a writ of prohibition against the enforcement of the temporary stay and an appeal of the temporary stay were filed in this Court. We are thus presented with the questions of whether the Supreme Court can hear an original action and whether an appeal can be taken from intermediate relief granted under CR 76.36(4). We conclude that an original action may be prosecuted in the Supreme Court under limited circumstances, though

we refuse to grant the requested writ of prohibition in this case, and that an appeal of intermediate relief granted under CR 76.36(4) is inappropriate because such relief is not a final order or judgment. We remand to the Court of Appeals for further proceedings.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Until 1999, Russell County, Kentucky Hospital District Health Facilities Corporation, the Appellant/Movant/Petitioner in this case [1] (hereinafter "Petitioner"), operated the Russell County Hospital. On September 1, 1999, Ephraim McDowell Health, Inc. (hereinafter "Respondent") leased the hospital premises from Petitioner and took over the hospital's operations.

■ On October 25, 2004, the Petitioner filed a lawsuit in Russell Circuit Court, claiming that the Respondent was in default and seeking termination of the lease agreement. Later that day, the Russell Circuit Court entered an *ex parte* order, styled a "Restraining Order," which, among other things, prohibits all the parties from interfering in any way with the operation or the personnel of the Russell County Hospital, requires that the Respondent return any and all property belonging to Petitioner, and requires that the Respondent transfer all licenses required for operation of the Russell County Hospital to the Petitioner.[2]

Subsequently, the Respondent filed two pleadings with the Court of Appeals: (1) a motion for relief from a temporary injunction under CR 65.07 seeking to prevent enforcement of the Restraining Order, and (2) an original action under CR 76.36 seeking a writ of prohibition. On October 30, 2004, a Friday, the Court Appeals entered an order that, among other things, refused to grant the Respondent's requested relief under CR 65.07 because the Restraining Order was not reviewable under that Rule. But in response to an emergency motion filed along with the original action for a writ of prohibition, the Court of Appeals in its October 30, 2004 order granted a temporary stay against the enforcement of the Restraining Order pending further orders of the Court of Appeals. In granting the temporary stay, the Court of Appeals noted that "some interim provision must be made" before the following Monday when the matter could be more fully addressed, and that should the Respondent's claims be true, then it was apparent that the circuit court's order "could result in so serious degree of injury as to warrant the entry of a writ of prohibition." The Court of Appeals expressly indicated that it was proceeding overall under CR 76.36, but that it would revisit the matter the following Monday once a response had been entered by the Petitioner's counsel.

1.  Russell County, Kentucky Hospital District Health Facilities Corporation is the Real Party in Interest in the original action still pending before the Court of Appeals. In this separate original action before the Supreme Court, Ephraim McDowell Health, Inc. and L. Clark Taylor are the Real Parties in Interest.

2.  "A restraining order shall only restrict the doing of an act." CR 65.01. But "[a]n injunction may restrict or *mandatorily* direct the doing of an act." *Id.* (emphasis added). Thus, because the order issued by the circuit court was denominated a "restraining order"

and issued without notice, it was improper for the order to mandate any action by the Respondent. *See also* 7 KURT A. PHILIPPS, JR., KENTUCKY PRACTICE, RULES OF CIVIL PROCEDURE ANNOTATED Rule 65.01, cmt. 3, at 478 (5th ed. 1995) ("A restraining order, which is granted without notice, may not be mandatory in character, and may only restrict the commission or continuance of an act."). Perhaps, this is the basis, at least in part, for the Court of Appeals's serious concerns with the restraining order issued by the circuit court.

On Monday, November 1, 2004, the Petitioner filed a response and the Court of Appeals revisited the matter by entering yet another order. The Petitioner had argued that the order of the Russell Circuit Court was a "restraining order" and, as such, was not reviewable pursuant to *Common Cause of Kentucky v. Commonwealth.*[3] The Court of Appeals noted in its new November 1, 2004, order that its October 30, 2004 order had recognized this, i.e., that the Russell Circuit Court's order appeared to be a "restraining order," and was thus not reviewable under CR 65.07. The Court of Appeals then went on to note that this argument did not address the fact that its October 30, 2004 order had actually been in response to an emergency motion under the original action for a writ of prohibition. The Court of Appeals also reiterated that it had such serious concerns over the Russell Circuit Court's Restraining Order that a writ of prohibition would be a possible remedy, and, as such, sustained the temporary stay against enforcement of the Restraining Order. However, the Court of Appeals indicated that it would hold a hearing on November 8, 2004, wherein it would hear both the motion for review under CR 65.07 and the merits of the original action for a writ of prohibition.

Rather than attending to the matter at the November 8, 2004, hearing at the Court of Appeals, Petitioner filed an extensive pleading with this Court, which is denominated as follows:

ORIGINAL ACTION AND PETITION FOR WRIT OF PROHIBITION PURSUANT TO CIVIL RULE 76.36;

MOTION FOR INTERMEDIATE RELIEF PURSUANT TO CIVIL RULE 76.36(4);

APPEAL TO SUPREME COURT FROM JUDGMENT OF COURT OF APPEALS ENTERED NOVEMBER 1, 2004 PURSUANT TO CIVIL RULES 76.36(7); AND

PETITION TO VACATE ORDER OF COURT OF APPEALS ENTERED NOVEMBER 1, 2004 AND ORDER ENTERED OCTOBER 30, 2004 PURSUANT TO CIVIL RULE 65.09

In other words, the Petitioner filed the following: (1) a petition for a writ of prohibition against the Court of Appeals under CR 76.36; (2) a motion for intermediate relief under CR 76.36(4) until such a writ is entered; (3) an appeal under CR 76.36(7) of the order issued by the Court of Appeals on November 1, 2004; and (4) a motion under CR 65.09 to vacate the orders entered by the Court of Appeals on October 30 and November 1, 2004. Because Petitioner's motion for intermediate relief and the motion to vacate the orders of the Court of Appeals were denied by this Court on November 12, 2004, only the appeal and petition for a writ of prohibition remain. We now address those matters.

### III.  ANALYSIS

#### A.  Petition for a Writ of Prohibition

The petition for a writ of prohibition filed under CR 76.36 now pending before us is an original action seeking to prevent enforcement of the orders of the Court of Appeals, specifically the *temporary stay* granted by the Court of Appeals under CR 76.36(4). For the sake of clarity, we note that this original action is a separate and distinct original action from that which is currently pending before the Court of Appeals.

---

**3.**  Ky.App., 143 S.W.3d 634 (2004).

### 1. Original Actions in the Supreme Court

As a preliminary matter, we must address the Respondent's claim that the Civil Rules "do not allow for an original action to be brought in the Supreme Court from an interlocutory order of the Court of Appeals." We would first note that review of the denial or grant of a writ of prohibition is properly obtained by an appeal. "An appeal may be taken to the Supreme Court as a matter of right from a judgment or final order in any proceeding originating in the Court of Appeals." [4] And it is well established in Kentucky that "[a]n appeal rather than a motion for a discretionary review is the proper method of securing a review of an order of the Court of Appeals granting or denying a petition for a writ of prohibition or a writ of mandamus." [5] Though the various jurisdictions across the country are split over whether the proper method of reviewing a grant or denial of a writ by a lower court is by a request for a writ by a higher court or by appeal to the higher court,[6] by providing for a matter of right appeal in our Rules, we have chosen to allow review of a Court of Appeals ruling on a petition for a writ of prohibition only by appeal, rather than by a separate original action in this Court.[7]

This, however, does not answer the question of whether this Court may entertain an original action as to an interlocutory order of the Court of Appeals. And, given that writs of prohibition generally apply only to interlocutory orders (because the appealability of a final order is usually dispositive of the matter), Respondent has, in effect, raised the question of whether an original action is *ever* appropriate before this Court. We must answer that question in the affirmative because the Civil Rules *clearly* contemplate that original actions may be filed in the Supreme Court.

The basic rule on original actions in appellate courts provides that "[o]riginal proceedings in *an* appellate court may be prosecuted only against a judge or agency whose decisions may be reviewed as a matter of right by that appellate court. All other actions must be prosecuted in accordance with the applicable law." [8] Surely the Supreme Court is such "*an* appellate court." Furthermore, the Rule that retains the common law writs provides that "[r]elief heretofore available by the remedies of mandamus, prohibition ... may be obtained by original action in the appropriate court." [9] And CR 76.43, which describes the number of documents required for docketing of various types of cases in the Court of Appeals *and* the Supreme Court, includes in its listing

---

**4.** CR 76.36(7)(a).

**5.** *Gilliece v. City of Covington*, Ky., 565 S.W.2d 451, 452 (1978).

**6.** *See* 63C AM. JUR. 2D *Prohibition* § 88 (1997) ("Although it has been said that the proper remedy to contest dismissal of a petition for a writ of prohibition is a request for a writ from a higher court, rather than appeal, it has also been said that an appeal, rather a motion for discretionary review, is the proper method for securing review of an order of an intermediate appellate court granting or denying a writ of prohibition." (footnotes omitted)).

**7.** *See also Stephens v. Goodenough*, Ky., 560 S.W.2d 556, 557 (1977) (noting that the Supreme Court was presented with "double-barreled attack on ... [an] order of the Court of Appeals ... denying a writ of prohibition" in the form of an appeal *and* a separate petition for a writ of prohibition and holding that the proper procedure where the Court of Appeals has ruled is a matter of right appeal to the Supreme Court).

**8.** CR 76.36(1) (emphasis added).

**9.** CR 81.

"Original Proceedings (Mandamus/Prohibition) and Responses thereto," [10] with "10" as the number of documents required for the Supreme Court. Rule 76.09, which "applies only to the clerks of the Court of Appeals *and the Supreme Court*," [11] requires that "[t]he clerk of *each appellate court* shall keep a general docket in which shall be recorded all appeals and *original proceedings* in that court." [12] *None* of the Civil Rules says that an original action may *not* be prosecuted in the Supreme Court, and the rules that do discuss original actions refer either to "an appellate" or "appropriate" court, or explicitly to the Supreme Court. Thus, even though "[a] petition seeking relief under this rule is *normally* filed in the Court of Appeals," [13] we can only conclude that the Rules also allow for the prosecution of an original action in this forum.

■ The argument could be raised that because CR 76.36(7)(a) [14] allows for a direct, matter of right appeal of decisions in original actions at the Court of Appeals to this Court, then allowing a separate original action in this Court is unnecessary or somehow contrary to the spirit of CR 76.36(7)(a). But if we were only to hear such matters by appeal, we could *never* issue such a writ; we would only have the power to remand the matter with an order for the Court of Appeals to issue or quash such a writ. While that is certainly the appropriate remedy once the Court of Appeals has finally ruled on a petition for a writ of prohibition, what could be done if the Court of Appeals somehow acted outside its jurisdiction while an original action was still pending before that court? The obvious and appropriate remedy in such a case would be a writ of prohibition from this Court, but such a writ can only be obtained by an *original action* in this Court. The interpretation urged on us by Respondent, were we to accept it, would serve only to strip this Court of its constitutionally mandated "power to issue all writs necessary in aid of its jurisdiction, or the complete determination of any cause, or as may be required to exercise control of the Court of Justice." [15] This we cannot do.

Having determined that this Court can hear original actions, we must determine when such an action is appropriate. As discussed above, CR 76.36(1) allows that an original action may be brought in "*an* appellate court," but the Rule also places a limit on when such an action may be brought, namely, such an action may "be prosecuted only against a judge or agency whose decisions may be reviewed as a matter of right by that appellate court." [16] As such, original actions in this Court are limited in that they may be filed against the Court of Appeals only when the final action of the Court of Appeals may be appealed to this Court as a matter of right. Such occurrence is rare because most decisions of the Court of Appeals are subject only to discretionary review by this Court. But, as CR 76.36(7) makes clear, original actions in the Court of Appeals are appealed to this Court as a matter of right.

---

10. CR 76.43(k).

11. CR 76.09(1) (emphasis added).

12. CR 76.09(2) (emphasis added).

13. 7 KURT A. PHILLIPS, JR., KENTUCKY PRACTICE, RULES OF CIVIL PROCEDURE ANNOTATED, Rule 76.36, cmt. 1, at 697 (5th ed.1995) (emphasis added).

14. *See also* KY. CONST. § 115 ("In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court.").

15. KY. CONST. § 110.

16. CR 76.36(1) (emphasis added).

Thus, we conclude that an original action in this Court seeking to prohibit the proceedings in an original action in the Court of Appeals is allowed under the Rules because the final ruling in an original action in the Court of Appeals would be appealed as a matter of right to this Court.

■ This hints at a second requirement, namely, that the original action in the Court of Appeals must still be pending. As noted above, we held in *Stephens v. Goodenough*[17] that once the Court of Appeals has ruled on a petition for a writ of prohibition, the proper remedy is a direct appeal to this Court. But the facts of this case present a subtle, but important, distinction, namely that the original action is still pending at the Court of Appeals, and it is the temporary stay entered by the Court of Appeals that the Petitioner seeks to attack. We still require that if the merits of the petition for a writ in the Court of Appeals have been decided by the Court of Appeals, then we may review that ruling only via a matter of right appeal to the Supreme Court as allowed under CR 76.36(7) and Section 115 of the Kentucky Constitution. But we also conclude that an original action in the Supreme Court against the Court of Appeals is allowed where the Court of Appeals is charged with hearing an original action but has not yet issued a final ruling on the matter.

Here, because the Petitioner is seeking a writ of prohibition against the enforcement of a temporary stay by the Court of Appeals, this matter falls under the very narrow class of cases wherein an original action for a writ of prohibition against the Court of Appeals is allowed. Thus, because the original action in the Court of Appeals is still pending, Petitioner's original action in this Court is proper.

## 2. Merits of Petitioner's Claim

■ We begin by noting that just because an original action is allowed before this Court does not mean that the action is meritorious and relief will be granted to the petitioner. As our predecessor court noted previously, a writ of prohibition is an "extraordinary remedy and we have always been cautious and conservative both in entertaining petitions for and in granting such relief."[18] Indeed, it would be rare circumstances that would justify this Court granting a writ of prohibition against the Court of Appeals. Ultimately we must conclude that Petitioner's original action here is without merit.

We have divided writ cases into "two classes," which are distinguished by "whether the inferior court allegedly is (1) acting without jurisdiction (which includes 'beyond its jurisdiction'), or (2) acting erroneously within its jurisdiction."[19] It is, however, unclear exactly what grounds upon which Petitioner is relying in requesting the writ of prohibition because the petition itself fails to address explicitly either of the two classes of writ cases.

Petitioner never claims that the Court of Appeals acted outside its jurisdiction; thus we conclude that it is not invoking the first class of writ cases. But were that the case, we would simply note that although the orders entered by the Court of Appeals did not state the authority for the temporary stay, such authority is expressly given in the "intermediate relief" provision of CR 76.36(4) and, as such, the Court

---

**17.** Ky., 560 S.W.2d 556, 557 (1977).

**18.** *Bender v. Eaton*, Ky., 343 S.W.2d 799, 800 (1961).

**19.** *Id.*

of Appeals has jurisdiction to enter a temporary stay.[20]

Because Petitioner claims it will suffer "immediate and irreparable harm" from the enforcement of the temporary stay, Petitioner's claim appears to fall under the second class of writ case. On this, we have noted that writs of prohibition "ordinarily ha[ve] not been granted unless the petitioner established, as conditions precedent, that he (a) had no adequate remedy by appeal or otherwise, *and* (b) would suffer great and irreparable injury (if error has been committed and relief denied)." [21]

We would note that Petitioner's claim of irreparable harm and injury would likely fail given that the orders of the Court of Appeals merely preserve the status quo (i.e., the Respondent's continued operation of the Russell County Hospital).[22] But we do not need to reach that issue because we "have consistently (apparently without exception) required the petitioner to pass the first test, i.e., he must show he has no adequate remedy by appeal or otherwise." [23] Because Petitioner has failed even to claim, much less present a compelling argument, that it has no adequate remedy by appeal, we cannot grant the relief requested.

### B. Appeal of the Order Entered on November 1, 2004

■ We find even less merit in Petitioner's appeal of the order of the Court of Appeals entered November 1, 2004. Petitioner is entitled to a matter of right appeal *only* "from a judgment or final order in any proceeding originating in the Court of Appeals." [24] But for the very reasons that the Petitioner is allowed to bring its original action in this Court, i.e., the Court of Appeals has acted only in an interlocutory manner, we conclude that the order of November 1, 2004, cannot be characterized as a "judgment or final order."

Basically, the Petitioner mischaracterizes the order as a "judgment." The order entered on October 30, 2004, created a temporary stay under CR 76.36(4) of the Russell Circuit Court's Restraining Order. The order entered on November 1, 2004, of which the Petitioner seeks this expedited appeal, simply maintains that stay pending the outcome of the determination of the merits of the Petitioner's original action for a writ of prohibition (which, given that the hearing on the merits was scheduled for November 8, 2004, might have already happened had the Petitioner not filed this second original action). The November 1, 2004, order is interlocutory in nature, and an appeal of such an order is inappropriate and premature. Once the merits of the original action are heard in the Court of Appeals, the Petitioner enjoys a matter of right appeal to this Court should the outcome favor the Respondent. But we will not review the Petitioner's appeal until, and unless, such a result should come to pass. In other words, there is no reviewable order or judgment at this time.

### IV. CONCLUSION

While the Petitioner's original action in the form of a petition for a writ of prohibi-

**20.** *See also Green Valley Environmental Corp. v. Clay,* Ky., 798 S.W.2d 141, 144 (1990) (holding that "Court of Appeals was proceeding within its jurisdiction" in issuing a temporary stay while the merits of a petition for a writ were pending).

**21.** *Bender,* 343 S.W.2d at 801.

**22.** *Green Valley Environmental Corp.,* 798 S.W.2d at 144 (holding that a stay preserving the status quo while the merits of a petition for a writ were pending did not rise to the level of immediate and irreparable harm).

**23.** *Bender,* 343 S.W.2d at 801.

**24.** CR 76.36(7)(a).

tion falls within the limited category of original actions that may be prosecuted before the Supreme Court, the petition has not been prosecuted correctly and has no merit. Additionally, the Petitioner's appeal of the interlocutory order entered by the Court of Appeals is premature.

WHEREFORE, IT IS HEREBY ORDERED:

(1) The petition for a writ of prohibition is denied;

(2) Petitioner's appeal is dismissed; and

(3) This matter is remanded to the Court of Appeals for further proceedings.

LAMBERT, C.J.; COOPER, GRAVES, JOHNSTONE, KELLER and STUMBO, JJ., concur.

WINTERSHEIMER, J., concurs in result only.