CHEYENNE RESOURCES, INC.
and PC & H Construction,
Inc., Appellants

v.

ELK HORN COAL CORPORATION,
Appellee.

No. 2006–SC–000721–DG.

Supreme Court of Kentucky.

Sept. 18, 2008.

---

76. *See, e.g., Welborn v. Commonwealth,* 157   S.W.3d 608, 615 (Ky.2005).

Bruce Edward Cryder, Margaret Ann Miller, Greenebaum, Doll & McDonald, Lexington, KY, Attorneys for Appellants.

Maureen D. Carman, Richard C. Ward, Jeff A. Woods, Wyatt, Tarrant & Combs LLP, Lexington, KY, William S. Kendrick, Francis, Kendrick & Francis, Prestonsburg, KY, Attorneys for Appellee.

Opinion of the Court by Special Justice GREGORY L. MONGE.

This matter is before the Court on the appeal of Cheyenne Resources from a decision of the Court of Appeals which determined that the Floyd Circuit Court had incorrectly determined the date from which interest should be calculated on a judgment of restitution. Thus, the issue before us is narrow and very specific. The underlying facts are more fully set forth in this Court's decision in *Elk Horn Coal Corporation v. Cheyenne Resources, Inc.,* 163 S.W.3d 408 (Ky.2005). Briefly, the Floyd Circuit Court rendered a judgment against Elk Horn Coal Corporation ("Elk Horn") on October 14, 1998 in the amount of $9,500,000.00 plus pre-judgment interest at the rate of 8% per annum and post-judgment interest at the rate of 12% per annum. During subsequent appeals, Elk Horn posted a *supersedeas* bond. After the appellate process was completed, the Floyd Circuit Court entered an order enforcing its judgment which included, (pursuant to KRS 26A.300) a 10% penalty in the sum of $950,000.00. The constitutionality of the statute was challenged by Elk Horn in the Circuit Court which upheld

the statute's constitutionality. That issue was appealed by Elk Horn to this Court and on June 9, 2005, we held that the statutory penalty was unconstitutional and vacated the judgment of the Floyd Circuit Court by opinion in *Elk Horn Coal Corporation, supra.* Elk Horn then filed a Motion for Judgment of Restitution in the Circuit Court. That court entered an initial judgment of restitution on July 22, 2005. Included in the judgment was a determination that Elk Horn was entitled to restitution of $950,000.00 (the amount of the 10% penalty) plus interest at the rate of 12% from and after July 12, 2005 (the date of the judgment of restitution) until that judgment was satisfied. The Circuit Court reserved determination as to whether or not pre-judgment interest should be awarded and if so, from what date. Following additional briefing on this issue, the Circuit Court entered an Order and Judgment on August 15, 2005, awarding pre-judgment interest on the $950,000.00 from the date of June 9, 2005, the date this Court's decision became final regarding the unconstitutionality of KRS 26A.300. Elk Horn appealed from that Order arguing that the interest should run from March 16, 2001[1], the date upon which it had paid the $950,000.00. The Kentucky Court of Appeals, relying on *Alexander Hamilton Life Insurance Co. of Am. v. Lewis,* 550 S.W.2d 558 (Ky.1977), agreed with Elk Horn. Cheyenne then sought discretionary review by this Court which was granted. For the reasons set forth herein, this Court AFFIRMS the judgment of the Court of Appeals.

The issue before this Court is narrow. Elk Horn Coal Corporation brought this claim as a claim for restitution. It is significant that the Floyd Circuit Court's judgment of restitution was not appealed. Thus, the matter reaches us as one of restitution.

*Restatement (First) of Restitution,* § 74 (1937) provides:

A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract of payment is to be final.

Comment *d* to the *Restatement* further provides:

If payment has been made to the judgment creditor or to his agent, or to an officer who has paid the judgment creditor, upon reversal of the judgment the payor is entitled to receive from the creditor the amount thus paid **with interest.** (Emphasis supplied.)

*Restatement (First) of Restitution,* § 74, Comment *d* (1937).

Although Cheyenne argues Elk Horn should not be entitled to pre-judgment interest from March 16, 2001, because the tortious conduct of Elk Horn resulted in the underlying judgment which ultimately triggered the 10% penalty payment, we reject that argument in this case. Elk Horn paid for its conduct in satisfying a judgment that included both pre-judgment and post-judgment interest so that its payment amounted to some $14,000,000.00. Elk Horn should not be penalized in this instance by virtue of an unconstitutional statute.

Restitution requires making the paying party whole. As put by Professor Dobbs, "As we have seen, restitution is not

**1.** Although that date is not precisely correct, at oral argument, the parties agreed that the date March 16, 2001, was a date on which this Court, if it determined to award pre-judgment interest, could do so.

damages; restitution is a restoration to prevent unjust enrichment." Dobbs, *Law of Remedies* § 4.1(1), at 556 (2d ed.1993). Here, Cheyenne Resources unquestionably had the use of the $950,000.00 from the date that it was paid, *i.e.,* March 16, 2001, until that $950,000.00 was repaid on August 15, 2005. Likewise, Elk Horn was deprived of the use of that money during that time period. As pointed out by Elk Horn in citing this Court's predecessor in *City of Louisville v. Henderson's Tr.,* 11 KY. L. Rptr. 796, 13 S.W. 111, 112 (1890):

> If, in such a case, a creditor, after the lapse of years of litigation, is not entitled to interest, then he will, in effect, lose a part of his debt. He would be kept out of the use of his money; the debtor, in the mean time, getting the benefit of it. The latter would, in effect, pay but a part of his debt.

Restitution restores the party who has satisfied a judgment that was erroneously entered to the position which the party would have occupied but for the entry of the erroneous judgment. As this Court said in *Alexander Hamilton Life Ins. Co. of Am. v. Lewis, supra* at 559, in describing the justification for restitution, "The obvious justification for restitution is that one should not be unjustly enriched at the expense of another."

While both parties cite to various portions of the *Alexander Hamilton* decision to support their respective positions, the most instructive part of *Alexander Hamilton* is its discussion of the theory and reasons for restitution:

> The theory of restitution as a basis for recovery is about as old as the law itself. Though often assumed to be purely an equitable remedy, some of the earliest proceedings, both at common law and in

equity, were founded upon it, and were amplified in the course of time. *Restatement, Restitution,* Chapter 1, Introductory note. The obvious justification for it is that one should not be unjustly enriched at the expense of another.

In *Bridges v. McAlister,* 106 Ky. 791, 51 S.W. 603, 21 KLR 428, 45 LRA 80 [800], 90 Am.St.Rep. 267 (1899), the accountability of a party for actions taken under authority of a judgment later set aside was discussed at some length. Among other things, the Court concluded as follows:

> When a judgment is reversed, restitution must be made of all that has been received under it, but no further liability should in any case be imposed. *Id.,* 51 S.W. at p. 605.

> ... Understandably, of course, the receipt and disbursement of money by someone in a fiduciary capacity could very well present a different case, but when the party who received the money by authority of the judgment has spent some or all of it at his own volition and for his own ends, we find it difficult to accept the proposition that equity diminishes his accountability.

*Id.*

Here, Cheyenne had the unfettered use of $950,000.00 from March 16, 2001, until August 15, 2005. The amount was liquidated. There is nothing in the record that would suggest there is any equitable reason to require anything other than a full restitution.[2] Full restitution means just that. To make Elk Horn Coal Corporation whole, Cheyenne must pay the interest on the $950,000.00 from the date that it first had use of that money. Therefore, this Court AFFIRMS the judgment of the

---

**2.** Both sides cite *Nucor Corp. v. General Electric Co.,* 812 S.W.2d 136 (Ky.1991). Nucor did not deal with restitution and is thus clearly distinguishable from the case here.

Court of Appeals and directs the Floyd Circuit Court to enter a judgment consistent with this Opinion.

MINTON, C.J., NOBLE and SCHRODER, JJ., and Special Justice THOMAS D. EMBERTON, concur.

CUNNINGHAM, J., dissents by separate opinion in which Special Justice MICHAEL O. McDONALD, joins.

Special Justice MICHAEL O. McDONALD dissents by separate opinion in which CUNNINGHAM, J., joins.

VENTERS, ABRAMSON and SCOTT, JJ., not sitting.

Dissenting Opinion by Justice CUNNINGHAM.

I fear that the majority has held today that the trial court abused its discretion by simply following the law. Therefore, I respectfully dissent.

In upholding the decision of the Court of Appeals, I also fear that we have once again reached down into the trenches of the trial court and have imposed our own judgment by injecting ourselves into a role best left to the trial court, as long as that discretion is not abused.

We have held today that the trial court abused its discretion when it awarded Elk Horn Coal Corporation pre-judgment interest at the rate of 8% from June 9, 2005 instead of March 16, 2001. It would behoove us to remind ourselves that a trial court does not "abuse its discretion" simply by making a decision with which the appellate courts disagree.

Abuse of discretion means "arbitrary action or capricious disposition under the circumstances, at least an unreasonable and unfair decision." *Kuprion v. Fitzgerald,* 888 S.W.2d 679, 684 (Ky.1994). Or, as more eloquently stated in the decision of *City of Louisville v. Allen,* 385 S.W.2d 179 (Ky.1964), there is no abuse of discretion when it is "governed by rule, and not by humor. It must not be arbitrary, vague, and fanciful, but legal and regular. It may not be granted or refused at the mere will or pleasure of the judge, but he is to exercise a sound judicial judgment, in the interest of justice and prudence." 385 S.W.2d at 182.

When we look to the totality of the circumstances in this case, I find it impossible to decree that the judge abused his discretion in determining the time period for the pre-judgment interest to run. A quick review of some of the salient points of this case, as well as the case law, is necessary to understand why there was no abuse of discretion.

In October of 1998, a jury in Floyd County, Kentucky found that Elk Horn Coal Corporation committed various acts of fraud and breach of contract and awarded Cheyenne Resources, Inc. $9,500,000.00 as compensation. After the Court of Appeals affirmed the judgment and this Court denied discretionary review, the trial court awarded Cheyenne a 10% supersedeas penalty pursuant to KRS 26A.300. Elk Horn paid the judgment, including the 10% penalty, in March of 2001, but appealed on the penalty issue.

As the trial court noted in its order and judgment, KRS 26A.300 had been applied for many years in the Commonwealth of Kentucky, and when the 10% penalty was imposed it was the valid law of this state. In fact, it was not until June 9, 2005, that this Court held that the statute requiring the 10% penalty was unconstitutional. Significantly, up until that time Cheyenne was, and continues to be, the innocent party. This litigation has extended over a period of almost ten years. Elk Horn has again brought Cheyenne—the innocent party—to the attention of this Court.

The case cited by both parties of *Alexander Hamilton Life Ins. Co. of Am. v. Lewis*, 550 S.W.2d 558 (Ky.1977) is the guiding light for trial judges in determining the starting date for calculating the amount of pre-judgment interest. This case emphasizes the concept of fairness and fault. Chief Justice John Palmore puts it this way, "When an innocent party uses the money or property of another in reliance upon a final unappealed judgment that says it is his, it can hardly be said that he is at fault unless and until he is put on notice of circumstances that justify or call for setting the judgment aside." 550 S.W.2d at 560. The trial court in this case precisely followed this formula when it awarded 8% interest on the penalty amount from June 9, 2005, the date that Cheyenne was put on notice regarding the unconstitutionality of KRS 26A.300. Therefore, the trial court followed the law both in assessing a 10% penalty under KRS 26A.300, and in determining the date that interest should begin accruing on that penalty.

The majority opinion speaks a great deal about the concept of restitution, and that Elk Horn was deprived of the use of their money from March of 2001, the date that the 10% penalty was paid to Cheyenne, until June of 2005, at which time this Court found KRS 26A.300 to be unconstitutional. In doing so, however, it presumes a duty upon Cheyenne—the innocent party—to generate income upon Elk Horn's money. In other words, if Cheyenne had earned only 6% interest upon the penalty amount during this approximately four year period, but now has to reimburse Elk Horn at the rate of 8%, a deficit would result for Cheyenne. This penalizes the totally innocent party and rewards the party that was originally found to have acted fraudulently.

It seems to me that if there is any windfall in all of this, it would be more equitable to fall upon the innocent party, and not the party who comes out of this lawsuit with dirty hands. This exact sentiment is expressed in the ancient case of *Bridges v. McAlister*, 106 Ky. 791, 51 S.W. 603 (1899), which was given new life in *Alexander Hamilton, supra.* In *Bridges*, the Court concluded that "[w]hen a judgment is reversed, restitution must be made of all that has been *received* under it, but no further *liability* should in any case be imposed." 51 S.W. at 605 (emphasis added).

There are also other factors to consider, including: (1) the lengthy time and cost of litigation that the winning party, Cheyenne, has been exposed to; (2) the law of this state at the time the 10% penalty was paid; and (3) the reluctance of the trial court to impose upon Cheyenne, the winning party, a duty to make Elk Horn, the offending party, money. All of these factors certainly put fairness in a different light than that which is done by the majority here today. The trial court was in the best position to weigh all these various factors, and it was not capricious or arbitrary in its decision.

My able and distinguished colleagues on this Court should extend deserving deference to the trial court and find that it did not abuse its discretion. I would reverse the Court of Appeals and reinstate the trial order and judgment of the trial court.

MICHAEL O. McDONALD, Special Justice, joins this dissenting opinion.

Dissenting Opinion by Special Justice MICHAEL O. McDONALD.

I am in lock step with J. Cunningham's dissenting opinion. I additionally comment to re-emphasize that the Court of Appeals failed to exercise equity. *Getty v. Getty*, 793 S.W.2d 136 (Ky.App.1990),

holds, "[E]quity is not limited to trial court application only.... Consequently, this Court may review matters that come to us by motion, and on an ad hoc basis apply our sense of equity." *Id.* at 138.

Such was not done here.

CUNNINGHAM, J., joins this dissenting opinion.